[No. 3237.    Decided June 22, 1899.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK
ROMANS, *Appellant.*

CRIMINAL LAW—CONVICTION OF LESSER OFFENSE THAN ONE CHARGED.

A person charged with a consummated offense may be found
guilty, under Bal. Code, § 6955, of an attempt to commit the of-
fense.

SAME—PROSECUTION FOR SODOMY—ATTEMPT TO COMMIT—WHAT STAT-
UTES APPLICABLE.

The provisions of Bal. Code, § 7437, for the punishment of at-
tempts to commit crime, are not rendered inapplicable to a prose-
cution for sodomy by the fact that Bal. Code, § 7057, prescribes
punishment for assaults with intent to commit sodomy and cer-
tain other crimes, since the latter section defines a substantive
offense, with the punishment therefor, entirely distinct from that
of an attempt to commit a crime.

SODOMY—SUFFICIENCY OF INFORMATION.

An information charging sodomy is sufficient when it alleges
that defendant did unlawfully and feloniously make an assault
upon a male person, and, against the order of nature, had a
venereal affair with and carnally knew such male person, and then
and there feloniously and against the order of nature, with said
male person, did commit and perpetrate the infamous, detestable
and abominable crime against nature of buggery, contrary to the
statute, etc.

Appeal from Superior Court, Yakima County.—Hon.
JOHN B. DAVIDSON, Judge.    Affirmed.

*Fred Miller, C. W. Heifner* and *Dav. E. Baily,* for
appellant.

The opinion of the court was delivered by

ANDERS, J.—The appellant was tried in the superior
court of Yakima county upon an information filed by the
prosecuting attorney, the charging part of which is as
follows:

" He the said Frank Romans on the 28th day of June,. 1898, A. D., in the county of Yakima, state of Washington, then and there being did then and there in and upon one Harley Morgan, a male person then and there being unlawfully and feloniously make an assault and then and there feloniously and against the order of nature had a venereal affair with and carnally knew the said Harley Morgan and then and there feloniously and against the order of nature with the said Harley Morgan did commit and perpetrate the infamous, detestable and abominable crime against nature of buggery, contrary to the statute," etc.

The jury returned a verdict of "guilty of the crime of attempting to commit the crime of sodomy." A motion for a new trial was duly filed and overruled by the court, and appellant thereafter moved in arrest of judgment on the ground that the information did not state facts sufficient to constitute a crime. This motion was likewise overruled and exception taken; and appellant was sentenced to imprisonment in the state penitentiary for the term of five years.

The appellant contends that the court erred in directing the jury that they might return a verdict of guilty of attempting to commit the offense charged in the information, but we perceive no error in the ruling of the court in that regard. Under our statute a party charged with a consummated offense may be found guilty of an attempt to commit the offense (2 Hill's Code, § 1319; Bal. Code, § 6955); and it is held in some states that such a conviction is justified by the common law, in the absence of a statutory provision. Wharton, Criminal Pleading & Practice (9th ed.), § 261.

Section 303 of Hill's Penal Code (§ 7437, Bal. Code) provides that

" Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration

thereof, is punishable, when no provision is made by law for the punishment of such attempt, as follows," etc.

But it is argued on behalf of appellant that this provision is not applicable to the case at bar, for the reason that § 22 of the Penal Code (Bal. Code, § 7057) prescribes the punishment for assaults with intent to commit certain crimes, among which is that charged in the information in this case. We think, however, that the learned counsel for appellant is mistaken in his view in regard to the applicability of § 303. Section 22 defines a substantive offense and prescribes the punishment therefor, which offense is entirely distinct from that of an attempt to commit a crime and which is punishable under § 303.

Appellant further claims that the court erred in overruling the motion in arrest of judgment. No particular infirmity in the information is pointed out by counsel for the appellant, and we have not been able, after a careful consideration, to discover any. The information sets forth every essential element of the crime as defined by the statute, and substantially conforms to the precedents laid down by Bishop in his Directions and Forms.

We perceive no error in the record and the judgment is therefore affirmed.

GORDON, C. J., and DUNBAR, FULLERTON and REAVIS, JJ., concur.