[No. 6143. Decided July 27, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE MARSELLE, *Appellant.*[1]

CRIMINAL LAW—EVIDENCE—OTHER CRIMES. Upon a prosecution for rape, evidence as to improper relations or arrangements for illicit intercourse with a girl other than the one charged, is inadmissible and prejudicial error.

SAME—CONFESSIONS—CORROBORATION BY CORPUS DELICTI. In a prosecution for the statutory crime of rape upon a female under the age of consent, in which the prosecutrix denies the commission of the offense, and the *corpus delicti* is not otherwise established, the admission of evidence of confessions by the accused is prejudicial error; since confessions uncorroborated by the *corpus delicti* will not sustain a conviction.

RAPE—EVIDENCE—SUFFICIENCY. Upon a charge of rape it is a question for the jury whether the lesser crime of assault with intent, etc., was committed, where there was some evidence of holding and pushing the prosecutrix, accompanied by remarks about improper relations, resisted by her.

INDICTMENT—STATUTORY RAPE—CONVICTION OF LESSER OFFENSE— ATTEMPTS. Under Bal. Code, § 6955, the lesser offense of assault with intent to commit rape is included in the statutory offense of rape without force upon a female under the age of consent, and conviction of the former may be had upon a charge of the latter offense.

Appeal from a judgment of the superior court for King county, Griffin, J., entered October 14, 1905, upon a trial and conviction of assault with intent to commit rape. Reversed.

*Morris, Southard & Shipley,* for appellant.

*Kenneth Mackintosh* and *John F. Miller,* for respondent.

HADLEY, J.—The defendant was charged with the crime of rape by having unlawful carnal knowledge of a female child under the age of eighteen years. The cause was tried

[1]Reported in 86 Pac. 586.

before a jury, and a verdict was returned finding the defendant guilty of assault with intent to commit the crime of rape. He was sentenced to two years' imprisonment in the penitentiary, and he has appealed from the judgment.

It is assigned that the court erred in overruling objections interposed by appellant to various questions propounded by the prosecuting attorney to the prosecuting witness, relative to transactions between the appellant and a girl whose name is Mattie Morton. Objections were also urged to similar questions propounded to the said Mattie Morton, who also testified as a witness. Over said objections, said witnesses were required to testify concerning conversations and transactions between the appellant and Mattie Morton which were not connected with the relations charged to have existed between the complaining witness and appellant. This testimony related to an alleged arrangement between appellant and the Morton girl by which they were to be married; also, to an alleged promise and offer of appellant to give Mattie Morton a diamond ring and some money as an inducement to illicit intercourse which he sought with her. The only purpose such testimony could have served before the jury was to indicate to them that appellant might have committed another crime, and that his character was such that he might have sought and obtained similar relations with the complaining witness.

We think the evidence was both incompetent and highly prejudicial, and that it was error to permit it to go to the jury. The circumstances at the trial were unusual. The prosecuting attorney was greatly surprised by the testimony of the complaining witness, who refused to testify that improper relations had ever been sustained between her and appellant, and positively stated that such was not the case. She admitted that she had theretofore made contrary statements to the prosecuting attorney, but declared that she "lied" when she did so, and that her statements made upon the witness stand were the truth. She explained that her motive for lying in the first instance was to prevent implicating another

young man whom she subsequently married and who was her husband at the time of the trial. She said she was determined that he should not be sent to the penitentiary and, as the prosecuting attorney had threatened that he would cause a physician to ascertain that she had sustained illicit relations with some one, she therefore determined to falsely charge that appellant was the guilty one. Under such circumstances it was highly important that no incompetent testimony should go to the jury. In *Stevens v. People,* 158 Ill. 111, 41 N. E. 856, the court observed as follows:

"Long ago it was said by Lord Hale in regard to the charge of such a crime, 'that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent.' (1 Hale, 635.) Accordingly, the testimony of the prosecuting witness must be scrutinized with caution, and, where the defendant denies the crime, her evidence should be corroborated. . . . Examined in the light of these principles, the evidence in this record cannot be said to so clearly preponderate in favor of the prosecution as to lead us to the conclusion, that no harm was done by the erroneous admission of the evidence hereinafter referred to."

Again, it was held in *Gifford v. People,* 148 Ill. 173, 35 N. E. 754, that where the evidence in such a case is conflicting and the case is close upon the facts, no incompetent testimony should be permitted to go to the jury which might improperly influence their verdict. The evidence was incompetent and prejudicial within the following decisions of this court: *State v. Carpenter,* 32 Wash. 254, 37 Pac. 357; *State v. Eder,* 36 Wash. 482, 78 Pac. 1023.

It is next contended that the court erred in admitting in evidence the testimony of police officers Peer and Keefe as to certain alleged statements which they testified were made by appellant. The objection to the admission of this testimony was on the ground that there had been a failure of proof of the *corpus delicti,* and that before statements in the nature of confessions are admissible, there must be some evidence

showing the commission of crime other than the admissions. Appellant concedes that, when the *corpus delicti* is ultimately shown by the evidence, any error in the order of proof by the admission of confessions in advance of proof of the *corpus delicti,* is cured. But he contends that, when the confessions have been admitted and there has been no other prior or subsequent proof of the *corpus delicti,* the admission of such testimony constitutes prejudicial and reversible error. We think this contention must be sustained. A confession not corroborated by independent evidence of the *corpus delicti* is not sufficient to support a conviction of crime. *Johnson v. State* (Ala.), 37 South. 937; *People v. Simonsen,* 107 Cal. 345, 40 Pac. 440; *Wistrand v. People,* 213 Ill. 72, 72 N. E. 748; *Commonwealth v. Hicks* (Ky.), 82 S. W. 265; *Bines v. State,* 118 Ga. 320, 68 L. R. A. 33. The testimony of the complaining witness to which we have already referred was not supplemented by any other evidence as to the fact of actual rape having been committed, and there was, therefore, no proof in the case of the *corpus delicti* of the completed crime of rape. The alleged confessions concerning which the witnesses testified related to such completed crime. It is true the jury refused to find appellant guilty of rape; but it cannot be said that the testimony was not prejudicial, and that it did not influence the jury to return a verdict of guilty of attempt to commit rape.

It is next urged that the challenge to the sufficiency of the evidence at the close of the state's testimony should have been sustained, on the ground that there was a failure of proof as to the commission of any crime by appellant. From what has already been said we have seen that there was a failure of proof as to the commission of the completed crime of rape. There was some testimony, however, to the effect that appellant at one time took hold of the complaining witness and pushed her upon a lounge, accompanied with remarks about improper relations, and which she resisted. We think this

evidence was such that the court should not have said that
the jury were not entitled to pass upon it for the purpose of
determining if the lesser crime of attempting to commit rape
had been committed.

It is contended that the lesser crime of assault with intent
to commit rape is not included in the charge here, since it
charged the completed crime with one under the age of con-
sent, and unaccompanied with any charges as to the use of
force. We think, however, that under Bal. Code, § 6955
(P. C. § 2204), the one is included in the other. In *State v.
Romans,* 21 Wash. 284, 57 Pac. 819, this court construed
said section to the effect that one who was charged with the
consummated offense of sodomy could be convicted of an at-
tempt to commit the offense. Again, in *State v. Bailey,* 31
Wash. 89, 71 Pac. 715, where the charge was essentially the
same as in the case at bar, it was recognized that the charge
of rape so charged includes the lesser offense of assault with
intent to commit rape. It is true the direct question as here
discussed was not raised in that case. The court instructed
that the jury could return a verdict for the lesser offense of
assault with intent to commit rape, and the contention was
made that the court should have gone further and instructed
that they might find the defendant guilty of the still lesser
offense of assault and battery or of simple assault. It was held
that such instructions were correctly refused, for the reason
that the prosecuting witness testified to no facts except those
which constituted rape or assault with intent to commit rape.
We therefore hold that the trial court did not err in its in-
terpretation of the law in this particular. But for this ele-
ment of the lesser offense, the appellant would, upon the
record, be entitled to a discharge instead of a new trial.
With its existence, however, we think the cause must be re-
turned for a new trial.

MOUNT, C. J., DUNBAR, CROW, ROOT, FULLERTON, and
RUDKIN, JJ., concur.