[No. 17957. Department One. July 2, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. J. B. WYNN, *Appellant*.[1]

CRIMINAL LAW (385) — INDICTMENT AND INFORMATION (111) — APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS—WAIVER. The failure of the information to allege the venue of an offense is waived where there was no objection to the information and the venue was proved at the trial without objection, in view of the provisions of Rem. Comp. Stat., §§ 2066, 2164, 2158, 300 and 299, relating to defects in the information and immaterial variances.

INTOXICATING LIQUORS (50)—OFFENSES—BOOTLEGGING—EVIDENCE OF CORPUS DELICTI—SUFFICIENCY. The *corpus delicti* of the offense of bootlegging is sufficiently proved, irrespective of accused's admission of possession, where it appears that he was arrested while carrying two bottles of whiskey and made conflicting statements as to his purpose.

SAME (51)—OFFENSES—BOOTLEGGING—INSTRUCTIONS. In a prosecution for bootlegging, an instruction is favorable to the accused where it is stated that the aim of the statute is against peddling liquor as a business, and the jury must find that the accused was engaged in the business of carrying it about for unlawful sale.

CRIMINAL LAW (165, 170)—EVIDENCE—CONFESSIONS—CORROBORATION. A confession of a bootlegger, made to an officer, is not inadmissible because of lack of positiveness of the witness, or that it was not corroborated, the question being for the jury.

ARREST (6)—INTOXICATING LIQUORS (53) — SEIZURES — WITHOUT SEARCH WARRANT. A police officer may arrest a person carrying

[1]Reported in 216 Pac. 872.

liquor about and seize the liquor without any warrant, where he has reasonable grounds to believe that he has committed the felony of bootlegging.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered June 19, 1922, upon a trial and conviction of bootlegging. Affirmed.

*Ben S. Sawyer* and *Harry L. Parr,* for appellant.

*Roscoe R. Fullerton* and *Nat U. Brown,* for respondent.

HOLCOMB, J.—Appellant was prosecuted, tried, and convicted in the superior court for Thurston county, of the crime of bootlegging, and judgment was thereupon pronounced, from which he appeals.

At the beginning of the trial, appellant orally demurred to the information on the ground that it stated no crime known to the code of the state of Washington; that it constitutes a statement of facts which, if proven, would be a bar to the action.

On appeal appellant urges that the information states no venue, and that therefore appellant was not legally convicted in the superior court for Thurston county, and that he should therefore be discharged.

It is true, the information omits to allege that the offense was committed in Thurston county. The evidence, however, which was introduced without objection on the part of appellant, was that the offense was committed in the Caledonia Hotel, at 118, East Fifth street, in the city of Olympia, state of Washington. The venue in Thurston county was therefore proven by the state without objection on the part of appellant. The matter of the omission of the venue in the information apparently escaped the attention of the prosecutor, court and counsel for appellant. It was never called to the attention of the court below, and the demurrer

did not reach it. An offense was charged against appellant in the information, to wit, the offense of bootlegging, by then and there, on the 9th day of September, 1921, wilfully, unlawfully and feloniously carrying about with him intoxicating liquor, to wit, moonshine whiskey, for the purpose of sale, contrary to the form of the statute and against the peace and dignity of the state. An offense was charged, but it was not alleged where the offense was committed except that it was in the state of Washington. The defect was not such a defect as could not be waived. Section 2066 Rem. Comp. Stat. [P. C. § 9282], provides, in part, as follows:

"No indictment or information is insufficient, . . . . by reason of any of the following matters, which were formerly deemed defects or imperfections:

"(1) For want of an allegation of the time or place of any material fact, when the time and place have been once stated;"

That even a variance as to the venue of the offense is not fatal under our statute, is manifested by § 2164, Rem. Comp. Stat. [P. C. § 9380], which provides that, where a defendant is prosecuted in a county not having jurisdiction, upon the discovery of the proper county to have jurisdiction, the trial court of the county where the action is being prosecuted may order the venue of the indictment or information corrected, and direct all papers and proceedings to be certified to the trial court of the proper county, and recognize the defendants and witnesses to appear at such court; and this may be done at any time before verdict or judgment.

Section 2158, Rem. Comp. Stat. [P. C. § 9374], provides that the trial of a criminal case shall be conducted in the same manner as in a civil action.

Section 300, Rem. Comp. Stat. [P. C. § 8333], provides as to civil actions that, when a variance appears

which is not material, the court may direct the fact
to be found according to the evidence, or may order
an immediate amendment without costs.

Section 299, Rem. Comp. Stat. [P. C. § 8332], as to
civil actions provides that no variance between the al-
legations in a pleading and the proof shall be deemed
material unless it shall have actually misled the ad-
verse party to his prejudice in maintaining his action
or defense upon the merits.

There is no doubt, therefore, that, had the omission
of the venue of the action been called to the attention
of the prosecuting attorney, and the trial court, the
court could have properly ordered the amendment of
the information to show the venue in Thurston county
at any time before the case went to the jury. The de-
fect was waived.

It is next urged that the court erred in permitting
the introduction of a confession by the appellant with-
out proof of the *corpus delicti*. It is argued that the
crime charged here is bootlegging, and that proof of
the unlawful possession of intoxicating liquor was no
more than proof of unlawful possession, that is, of a
misdemeanor, and was not proof of the *corpus delicti*
of the felony of bootlegging.

We cannot agree with appellant that there was no
more proof of the *corpus delicti* of the offense of boot-
legging than the proof of unlawful possession of in-
toxicating liquor and of the confession by appellant.
There was far more evidence of the *corpus delicti* than
that. The evidence shows that, on the day in question,
several officers went to the place known as the Cale-
donia Hotel, armed with a search warrant, for the
purpose of ascertaining whether intoxicating liquor
was being unlawfully disposed of in that place. While
there, and when they had almost completed their search

of the premises, appellant came into the hotel, walked up the stairs and was met by an officer. He was carrying under his arm a package described by the officers as a package showing the shape of two large bottles, the entire package being from fourteen to sixteen inches in length, and seven to eight inches in width, and wrapped in a newspaper; that, when asked what the package contained, appellant first told the officers that it was old clothes, and then said it was shoes, and when directed to go into the office of the hotel and wait there, he objected. He finally obeyed the direction of the officers to go into the office and sit down; and when he had done so, one of the officers picked up the package, shook it, and found that it contained a liquid. Upon completing the search of the premises, appellant was required to go along with the officers to the police station where the package which had been taken from appellant was opened, examined, and found to contain the intoxicating liquor which was introduced in evidence in this case. Appellant then made a confession to the prosecuting attorney in the presence of the Chief of Police, in which he said that he had gone to meet a man who came from Centralia, who delivered the liquor to him, and that he was delivering it to the proprietress of the hotel.

There is no doubt that, under these circumstances, the *corpus delicti* was proven by other evidence than that of the confession, and under our decisions in *State v. Marselle*, 43 Wash. 273, 86 Pac. 586; *State v. Scott*, 86 Wash. 296, 150 Pac. 243, L. R. A. 1916B 864; *State v. Gray*, 98 Wash. 279, 167 Pac. 951, and *State v. Spillman*, 110 Wash. 662, 188 Pac. 915 (which last case was also a bootlegging case), the contention of appellant cannot be sustained.

The third claim of error is of a certain instruction to the effect that the aim of the statute is against one peddling liquor as his business, and in order to find the defendant guilty of the crime of bootlegging as charged in the information, the jury must find that he, at that time, engaged in the business of carrying about with him intoxicating liquor for the purpose of the unlawful sale of the same. There is no doubt but that this instruction was as favorable to appellant as he was entitled to, and the *corpus delicti* having been proven, as heretofore stated, the instruction was not erroneous.

It is also contended that the confession was not admissible. This contention is based partly upon the lack of positiveness on the part of the chief of police, which was a question of fact for the jury, and that it was not corroborated by any kind of evidence of the *corpus delicti*. This we have discussed in the previous discussion as to the evidence of the *corpus delicti,* and there is no need to discuss it further.

The fifth claim of error has been fully decided by this court in *State v. Hughlett,* 124 Wash. 336, 214 Pac. 841, and in *State v. Duncan,* 124 Wash. 372, 214 Pac. 838, as to the right of an officer to arrest without a search warrant where the officer has reasonable grounds to believe that the offense charged has been committed.

The judgment is affirmed.

MAIN, C. J., and BRIDGES, J., concur.

MITCHELL, J., concurs in the result.