[No. 18675.   Department Two.   October 24, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v.
VERNE SECREST, *Appellant.*[1]

ARREST (6) — INTOXICATING LIQUORS (53) — SEIZURES — VALIDITY — AUTHORITY IN ABSENCE OF SEARCH WARRANT. In a prosecution for bootlegging, a search warrant is not necessary for the seizure of liquor which was in the possession of the defendant at the time his automobile was wrecked in his flight, and scattered around within a few feet of the wrecked car.

INTOXICATING LIQUORS (42) — BOOTLEGGING — INFORMATION — SUFFICIENCY. It is sufficient to charge the offense of bootlegging substantially in the language of the statute, Rem. Comp. Stat., § 162, defining the offense as the act of carrying about intoxicating liquor for the purpose of unlawful sale.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered October 16, 1923, upon a trial and conviction of the crime of bootlegging. Affirmed.

*Charles E. Swan* and *H. G. Kinzel,* for appellant.
*Chas. H. Leavy* and *Louis F. Bunge,* for respondent.

MITCHELL, J.—As to the facts in this case, there was abundant evidence to satisfy the jury that the appel-

[1]Reported in 229 Pac. 744.

lant was transporting eight sacks of intoxicating liquor in an automobile, and that, upon it being observed by the deputy sheriffs, one of whom as such was well known to the appellant, who were also traveling in an automobile, he was ordered by them to stop. Instead of obeying, the appellant engaged in flight, being pursued by the officers for several miles, with the result that appellant's car, getting beyond his control, was ditched and upset, scattering the eight sacks of intoxicating liquor nearby on the ground. He was arrested by the officers, who took possession of the intoxicating liquor, which was used as evidence at the trial of the case. Some of the bottles were broken in the accident. The appellant was tried and convicted of the crime of bootlegging and has appealed.

Although at the time the appellant was apprehended he did not have actual physical possession of the liquor, it being scattered around on the ground within a few feet of the wrecked automobile, nevertheless it was within his possession within the contemplation of the law. They were the sacks seen in his car before his flight commenced, and at the time he was arrested he admitted to the officers his possession of the intoxicating liquor.

Under the circumstances of this case, there was no need of a search warrant to authorize the officers to seize the liquor, nor of an arrest warrant to apprehend appellant. *State v. Miller,* 121 Wash. 153, 209 Pac. 9; *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Wynn,* 125 Wash. 398, 216 Pac. 872. And since there was no trespass committed by the officers in seizing the liquor, there is no merit in appellant's assignment of error that the intoxicating liquor was improperly admitted in evidence.

The information charged the appellant with the

crime of bootlegging, and then, in ordinary and concise language, stated the acts constituting the offense. It is assigned as error that the charge in the information and the verdict of guilty of bootlegging are without authority of law because there is no such crime known in the law of this state. But the second paragraph of § 7328, Rem. Comp. Stat. [P. C. § 3179h], says:

"Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.' "

That is what the appellant was alleged to have done and what the verdict says he was guilty of.

What has been thus generally said answers the assignments of error stated in detail, which include objections to instructions given and the refusal of the court to give certain requested instructions.

The record shows that the trial was a fair one, and the judgment is affirmed.

MAIN, C. J., PEMBERTON, FULLERTON, and MACKINTOSH, JJ., concur.