[No. 19458.  Department Two.  February 1, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. J. EARL
THORNTON, *Appellant.*[1]

[1] ARREST (6)—WITHOUT WARRANT—AUTHORITY OF PEACE OFFICER.
Officers had ample justification to arrest accused without war-
rant, on suspicion of the felony of bootlegging, and search him
for liquor without a search warrant, where they had informa-
tion from officers of another county that he had been delivering
liquor in violation of law and would receive more on a certain
early morning train, which he met, receiving two suit cases from
the sleeping car porter.

[2] CRIMINAL LAW (48-3) — FORMER JEOPARDY — WITHDRAWAL OF
CHARGE—ABANDONMENT OF PROSECUTION IN JUSTICE COURT.  An
abandonment of a charge in justice court of the misdemeanor
of unlawful possession of intoxicating liquor, for the purpose
of filing an information in the superior court for the offense of
bootlegging, was not such a dismissal of the possession charge
as would bar a conviction in the superior court of the lesser
offense of possession, included in the felony charge of boot-
legging.

[3] INTOXICATING LIQUORS (49)—CRIMINAL PROSECUTION — ADMISSI-
BILITY OF EVIDENCE.  In a prosecution for bootlegging, it is re-
versible error to admit testimony that the accused had on previ-
ous occasions associated with two others, both of whom had
been convicted as violators of the prohibition law.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered September 25,
1924, upon a trial and conviction of the unlawful pos-
session of intoxicating liquor.  Reversed.

*Snively & Bounds,* for appellant.

*Sydney Livesey* and *G. E. Clark,* for respondent.

PARKER, J.—The defendant Thornton has appealed
to this court from a judgment of conviction, rendered
against him by the superior court for Yakima county,
of the offense of unlawful possession of intoxicating

[1] Reported in 243 Pac. 12.

liquor, following a trial upon an information charging him with the greater offense of bootlegging.

On April 1st, peace officers of Yakima county, having credible information, as they believed, that appellant had arranged to receive a quantity of intoxicating liquor from a person who was to arrive in Yakima on a sleeping car of a certain train, scheduled to arrive there that morning, secreted themselves so as to have a view of the car and appellant meeting it, as they expected him to do. They saw appellant go into the car and presently come out, followed by the porter carrying two suitcases, which appellant took from the porter and carried a short distance to his automobile, which, a short time previously, he had driven to that place and left there while he went into the car. Appellant was about to place the suitcases in his automobile, when the peace officers came suddenly upon the scene, arrested him, and opening the suitcases, found a large quantity of liquor in them. The officers did not have any search or arrest warrant. Soon thereafter, on the same day, a complaint, signed and verified by a deputy prosecuting attorney of Yakima county, was filed with a justice of the peace of that county, charging appellant with the misdemeanor of unlawfully having in his possession intoxicating liquor with intent to sell the same. He was then admitted to bail by the justice, which he furnished, and was allowed to go at large pending further proceedings. No further proceedings were taken against him before the justice of the peace. Those proceedings were never formally dismissed.

Thereafter, on April 30th, the prosecuting attorney of Yakima county filed an information in the superior court for that county charging appellant with the greater offense of bootlegging, to which, on May 4th, he pleaded not guilty. Thereafter, on May 12th, counsel for appellant moved the court to suppress the seized

liquor as evidence against him, because of the alleged unlawful search by which it was discovered and seized. This motion was presented to the court upon affidavits, both in support of and in opposition to it, the court taking the motion under advisement. Thereafter, by stipulation of counsel, the case proceeded to trial upon the merits on May 14th, it being agreed that this should be wholly without prejudice to appellant's right to have the court later dispose of his motion to suppress the liquor as evidence. The trial proceeded accordingly, the court permitting the prosecution to introduce the liquor in evidence over the objection of appellant's counsel, with the understanding that the motion to suppress the liquor as evidence should later be given due consideration and be disposed of, in the event of the jury finding appellant guilty; both counsel and the court seeming to assume that the suppression of the liquor as evidence would entitle him to a judgment of acquittal, as a matter of law. At the conclusion of the trial, the jury rendered its verdict, finding appellant guilty of unlawful possession of intoxicating liquor as an offense included in the greater charge of bootlegging. Thereafter, the court denied the appellant's motion to suppress the liquor as evidence, denied other motions made by him looking to his complete discharge, denied his alternative motion for a new trial, and rendered final judgment against him in accordance with the verdict of the jury, from which judgment this appeal is prosecuted.

[1] It is first contended in behalf of appellant that the trial court erred in denying his motion to suppress the liquor as evidence against him. We have read the affidavits presented to the court, touching the information possessed by the officers leading them to believe that appellant was in the act of committing the felony of bootlegging. We think the trial judge was fully

warranted in believing that the officers had received apparently very reliable information from other peace officers, including the sheriff of Yakima county and the chief of police of the city of Yakima and a federal prohibition agent, that appellant had been delivering liquor in Yakima in violation of law, and that on the morning of April 1st he was to receive liquor, just as the officers discovered that he did receive it; that is, the officers saw appellant go to the car and bring out the suitcases, preparatory to putting them in his automobile, substantially as they, by their previous information obtained, had expected him to do. These facts, we think, were ample justification for the officers making the arrest in the belief that appellant was in the act of committing the felony of bootlegging. *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Wynn,* 125 Wash. 398, 216 Pac. 872; *Carroll v. United States,* 267 U. S. 132, 45 Sup. Ct. 280.

Thus, the arrest was lawful, from which it follows that the search and seizure were lawful. We do not fail to note that, after the arrest, the deputy prosecuting attorney charged appellant with the crime of unlawful possession only, that being a misdemeanor; but we think that it is apparent that the officers arrested appellant upon the theory that he was guilty of the felony of bootlegging, and that they were justified in making the arrest upon that assumption.

[2] Counsel for appellant make some contention, which seems to be in substance, that, since the misdemeanor charged in the justice court was abandoned, though not formally dismissed, that in effect became a bar to any conviction of the misdemeanor so charged, and thus became a bar to the misdemeanor conviction in the superior court. It is true, that a voluntary dismissal by the prosecuting attorney of a misdemeanor charge, with approval of the court, becomes a final dis-

charge, and a bar to further prosecution of the same misdemeanor under §§ 2314, 2315, Rem. Comp. Stat.; but this was not a dismissal of the charge in the justice court by the prosecuting attorney with the approval of the court, or with a view of thereby making a final dismissal of the prosecution. It was, at most, but an abandonment of that complaint, for the express purpose of filing an information in the superior court charging appellant with the greater offense. This, we think, was not, in form or substance, such a dismissal of the misdemeanor charged in the justice court as prevented the prosecution for the greater offense charged by the information in the superior court. Our decisions in *State v. Wickstrom,* 92 Wash. 503, 159 Pac. 753, and *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390, support this conclusion.

[3] Over the objection of counsel for appellant, one of the officers was permitted to testify upon the trial, in substance, that appellant had, on previous occasions, associated with one Rosen and one Renault, both of whom, as the officer testified, had been violators of the prohibition law and had been convicted therefor. This testimony, so placed before the jury, was manifestly erroneous and prejudicial to appellant's rights in the highest degree. It could have no possible bearing upon the question of appellant's guilt, other than tending to show that he had a bad reputation and was associating with people of bad reputation, as touching his and their possible violation of the prohibition law. Counsel for the state seek to justify the admission of this evidence upon the theory, as they state in their brief, that:

"The sole purpose of the state, in asking questions of appellant's association with known violators of the liquor law, was to establish beyond reasonable doubt that the officers had sufficient grounds for reasonable belief that the appellant was engaged in the business of bootlegging."

As applied to the question of appellant's guilt, which was the only question then subject to inquiry by the jury, manifestly this is a wholly unsound reason for admitting this testimony. If it means to suggest that it had some bearing upon the question of whether or not the liquor should be suppressed as evidence, as it seems to suggest, the answer is that that question was not in any sense being tried or triable before the jury. That question had already been submitted to the court upon affidavits. Manifestly, it was for the court and not the jury to decide. The admission of this testimony over objection of counsel for appellant, it seems to us, was clearly prejudicially erroneous. For this error, appellant is entitled to a new trial.

Other minor claims of error, we think, are not necessary to be noticed, since we cannot see that they are likely to arise upon a new trial.

The judgment is reversed, and appellant awarded a new trial.

Tolman, C. J., Mackintosh, Main, and Mitchell, JJ., concur.