HENRY KAMMERER, Plaintiff, v. LOUIS SACHS, Defendant.

Supreme Court, New York County, March 5, 1928.

**Libel and slander — slander per se — complaint alleging defendant called plaintiff " bootlegger " states good cause of action without alleging innuendo and special damages — term denotes in public mind person who violates laws against sale of liquor.**

A complaint in an action for slander which alleges defendant called plaintiff a " bootlegger," without alleging an innuendo and without pleading special damages, states a good cause of action, for the term " bootlegger " definitely denotes in the public mind a person who violates the laws against the sale of liquor.

Publicly charging a person to be a " bootlegger " constitutes slander *per se* and it requires no allegation of an innuendo in a complaint to explain that one employing that term unequivocally means to charge the other to whom it is addressed with having committed an offense against the criminal laws.

MOTION by defendant to dismiss the complaint.

*Arthur J. Westermayr*, for the plaintiff.

*Nathan A. Markowitz*, for the defendant.

LEVY, J. Defendant by this motion attacks the sufficiency of the complaint. It reads in slander and charges defendant with having called the plaintiff a " bootlegger." No innuendo is alleged, nor are special damages pleaded. Its sufficiency must, therefore, depend upon whether publicly charging a person to be a *bootlegger* without more, constitutes slander *per se*.

If an expression is commonly understood as charging a person with a crime, the use of it is defamatory *per se* and requires no allegation of special damage. To discover whether the utterance in controversy can be so interpreted, we must naturally look to the lexicographer as the interpreter of the current understanding of non-technical words. Webster's International Dictionary, in its 1918 edition, defines the word " bootleg " as meaning " to carry liquor about on the person and sell it in places where the sale of liquor is prohibited." " Bootlegger " is referred to as a noun, without further definition. The inference, however, is that a bootlegger is one who engages in the practice of bootlegging, or " one who bootlegs." The definition is followed by the observation that the expression is *slang*. If this is so today, then an innuendo might be required to make the pleading sufficient. (Newell Sland. & Lib. [4th ed.] §§ 241–243.)

This reflection upon the respectability of the term was made some time before the enactment of the National Prohibition Amendment, and quite seemingly at a period when the expression had not

yet attained general currency. The only knowledge of it by the public at large came through provincial stories and local newspaper reports. Since that time, however, a number of States of the Union have specifically defined " bootlegger," in connection with the enactment of criminal statutes prohibiting certain activities in that direction. Thus, in *State* v. *Stanley* (38 N. D. 311) the crime of bootlegging is defined in the Complied Statutes, section 10144, of that State; and in *State* v. *Secrest* (131 Wash. 217) we find the following definition: " Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a ' bootlegger.' "

A similar definition is found in *State* v. *Kenne* (200 Iowa, 1239). (See, also, *State* v. *Goforth*, 126 Wash. 56.) In *Scriven* v. *City of Lebanon* (99 Kans. 602), as far back as the year 1917, the court there took judicial notice of the term in the following language: " Drawing upon our judicial knowledge of that specimen of the *genus homo*, a bootlegger is a person who sells intoxicating liquors on the sly, not from any particular business location, but carrying his wares in his bootleg, * * *." And in *Commonwealth* v. *Cicere* (282 Penn. St. 492) the court said that the term " bootlegging " implies " merely a popular designation for the use, possession or transportation of liquor in violation of the law."

It is fair to conclude from these examples, both where the term " bootlegger " is employed in statutes and where judicial notice has been taken of it in the absence of such, that it is no longer mere slang. Linguistically, the expression may not be considered disreputable, but in the eyes of the law the activities denoted by the term have become more and more obnoxious and have universally fallen under the ban of criminal statutes. One of the latest expressions on the subject will be found in *Matter of Kirk* (101 N. J. L. 450, 453). There Mr. Justice MINTURN, after ironical reference to the " beneficent " activities of that member of society, expresses his conclusions on the legal status of such a person in the following quaint but appropriate commentary: " Reared above it all, like the condemning hand which consigned the Babylonian to disaster and oblivion, is the handwriting of the Constitution and the law, which condemns this unique malefactor as a criminal, and consigns him to the same moral and legal category as the pirate and the outlaw. No financial, social or religious recognition can remove the brand of Cain from the brow, or place a heroic halo upon the head of one who stands as a common felon before the law. When, therefore, this defendant publicly charged a member of the council, in a public place, with being a bootlegger, he charged him, in legal effect, with being a criminal, and thereby

subjected himself to the charge leveled against him in this complaint."

There is no doubt, therefore, that the term "bootlegger" definitely denotes, in the public mind, a person who violates the laws against the sale of liquor; and it requires no allegation of an innuendo in a complaint to explain that one employing that term unequivocally means to charge the other to whom it is addressed with having committed an offense against the criminal laws.

The motion to dismiss the complaint is denied.