[No. 36270.   Department One.   November 15, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY H. ROWE, *Appellant.**

*Irving C. Paul, Jr.*, for appellant.

*Charles O. Carroll, Jack B. Regan*, and *Mary A. Wicks*, for respondent.

WEAVER, J.—Defendant, found guilty by a jury of *attempted* second degree burglary, appeals from a judgment and sentence. He makes two contentions:

*First*: the evidence clearly demonstrates that the *crime* of burglary in the second degree, as distinguished from the charge of *attempted* second degree burglary, had been proved; and that "failure to consummate the crime intended" is an essential element of the crime of attempt, pursuant to RCW 9.01.070; and

*Second*: RCW 9.01.070 is unconstitutional because it violates the equal protection clause of the fourteenth amendment to the United States Constitution.

*Reported in 376 P. (2d) 446.

A. The statutes and decided cases are dispositive of defendant's first contention that "failure to consummate the crime intended" is an essential element of the crime of attempt.

▮ The crime of attempt to commit a crime is defined by RCW 9.01.070:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be .punished as follows:

"(1) . . .

"(2) . . . a person may be convicted of an attempt to commit a crime, *although it appears on the trial that the crime was consummated,* . . ." (Italics ours.)

In view of the statute, there is no justification to restrict the usual meaning of the word "attempt" and limit it to that which is usually described by the words "unsuccessful attempt." Attempts cover both successful and unsuccessful endeavors or efforts.

Further, RCW 10.61.010 provides:

"Upon the trial of an indictment or information, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime, *or of an attempt to commit the crime so charged,* or of an attempt to commit a lesser degree of the same crime. . . ." (Italics ours.)

Thus, an attempt to commit a crime is specifically defined as an offense included in the crime itself. *State v. Arnold,* 144 Wash. 367, 368, 258 Pac. 20 (1927) (attempt is an included offense; a person cannot be convicted of attempt to commit the crime and also of the crime); see *State v. Peterson,* 109 Wash. 25, 186 Pac. 264, 8 A. L. R. 652 (1919) (attempt is part of the offense); *State v. Romans,* 21 Wash. 284, 57 Pac. 819 (1899) (charged with offense; found guilty of attempt).

In *State v. Bigger,* 34 Wn. (2d) 69, 208 P. (2d) 102 (1949), this court rejected the defendant's contention that his conviction of *attempt* could not be sustained because the proof showed only the commission of the offense charged.

The statutes and cases noted specifically negate defendant's first contention.

B. RCW 9.01.070 (a portion of which is quoted *supra*) provides in part:

". . . a person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, *unless the court in its discretion shall discharge the jury and direct the defendant to be tried for the crime itself.*" (Italics ours.)

Defendant urges that the italicized portion of RCW 9.01.070, *supra*, violates the equal protection clause of the fourteenth amendment to the United States Constitution because it vests discretion in the trial judge to permit conviction of attempt, or to direct trial for the crime itself.

We do not reach this problem for the trial court did not discharge the jury and direct that defendant be tried for the crime of second degree burglary.

A person may not urge the unconstitutionality of a statute unless he is harmfully affected by the particular feature of the statute alleged to be violative of the constitution. One who challenges the constitutionality of a statute must claim infringement of an interest particular and personal to himself, as distinguished from a cause of dissatisfaction with the general framework of the statute. *State v. Lundquist, ante* p. 397, 401, 374 P. (2d) 246 (1962), and authorities cited.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.