940 P.2d 646 (1997)
133 Wash.2d 1
In the Matter of DETENTION of Phillip Forrest McCLATCHEY.
Phillip Forrest McCLATCHEY, Petitioner,
v.
STATE of Washington, Respondent.
No. 63757-1.
Supreme Court of Washington, En Banc.
Argued February 11, 1997.
Decided July 31, 1997.
Reconsideration Denied October 6, 1997.
John A. McNeish, Dept. of Assigned Counsel, Tacoma, for Petitioner.
Christine O. Gregoire, Attorney General, Sarah B. Sappington, Asst. Attorney General, for Respondent.
MADSEN, Justice.
Phillip McClatchey wants dismissal of the State's petition to commit him as a sexually violent predator under RCW 71.09. He challenges the statute on several grounds; but, because he has not yet been tried on the commitment petition, we find his challenge premature.

FACTS
In July 1992, the Pierce County Prosecutor filed a petition to commit McClatchey pursuant to RCW 71.09. A determination was made that probable cause exists to believe that McClatchey is a sexually violent predator, and he was sent to the Special Commitment Center at Monroe for evaluation. Although RCW 71.09.050(1) provides that trial on the commitment petition shall be conducted within 45 days after the probable cause hearing, it also allows for continuances requested by the parties upon a showing of good cause, or by the court on its own motion in the interests of justice, provided that the respondent is not substantially prejudiced. McClatchey's trial has been continued numerous times at his request or with his consent, and he remains confined pursuant to *647 the original probable cause determination. He does not, however, complain about the delay.
In January 1994, McClatchey filed a personal restraint petition challenging the conditions and treatment at the Special Commitment Center. His petition was dismissed on the basis that other adequate remedies were available because he could challenge RCW 71.09 at trial and, if unsuccessful, on appeal. McClatchey then filed the motion in superior court to dismiss the commitment petition, urging that the actual conditions at the Center are punitive and that RCW 71.09 violates principles of double jeopardy, ex post facto law, substantive due process, and the right against self-incrimination. He also argued that the treatment was inadequate and violated substantive due process.
The State and McClatchey agreed that an evidentiary hearing was necessary to resolve McClatchey's constitutional claims, and that the court could consider the transcript of a hearing held on a similar motion in a King County case. The State later moved to strike the evidentiary hearing on the ground that the decision in In re Young, 122 Wash.2d 1, 857 P.2d 989 (1993) was dispositive of the issues raised by McClatchey and therefore no hearing was necessary. Upon reconsideration, the trial court agreed with the State and signed an order denying McClatchey a hearing.
McClatchey moved for discretionary review by the Court of Appeals. A Court of Appeals Commissioner denied the motion, and the Court of Appeals declined to modify that ruling. We granted discretionary review.

ANALYSIS
Initially, the State argues that McClatchey lacks standing to complain that RCW 71.09 is unconstitutional as applied to the facts of his case because McClatchey has not yet been committed to the Special Commitment Center. We conclude that McClatchey has standing to challenge the State's right to try him as a sexually violent predator. He is being held pursuant to the Community Protection Act, Laws of 1990, ch. 3, provisions for sexually violent predators and will be tried under the provisions of the Act. See Osborn v. Grant County, 130 Wash.2d 615, 631, 926 P.2d 911 (1996) (a person must have a protectable interest that has been invaded in order to have standing); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992).
However, the only issue presented in this interlocutory review is whether the trial court's denial of an evidentiary hearing was error. The trial court correctly found Mr. McClatchey's facial constitutional challenges to the sexually violent predator provisions of the Act have been answered in this Court's opinion in In re Young & Cunningham. See also Kansas v. Hendricks, ___ U.S. ___, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (upholding Kansas Sexually Violent Predator Act against due process, double jeopardy, and ex post facto challenges).
In Young, this Court found that sexually violent predator proceedings are civil in nature and thus, do not implicate double jeopardy protections. The Court also denied defendants' ex post facto challenge, finding the clause applies only to criminal matters. Young, 122 Wash.2d at 24, 857 P.2d 989. Finally, the Young court found that "[f]acially, the Statute and associated regulations suggest that the nature and duration of commitment is compatible with the purposes of the commitment." Id. at 35, 857 P.2d 989.
As McClatchey points out, however, Young left the door open for a challenge to the statute as applied to the facts in an individual case. The Court said, "[t]here is no evidence in the record addressing either the actual conditions of confinement, or the quality of treatment." Id. at 35, 857 P.2d 989. Presumably, McClatchey expected to establish, based on evidence presented by inmates detained and treated under the Act, that the sexually violent predator provisions constitute punishment and violate double jeopardy and ex post facto protections. He also hoped to support a due process challenge by showing the nature and duration of commitment do not bear any reasonable relation to the purpose for which the individual is committed. Jackson v. Indiana, 406 U.S. *648 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). However, unless and until he is found to be a sexually violent predator, and committed under the provisions of RCW 71.09, the constitutionality of the statute as applied to the facts of his case cannot be determined.[1]
The Court of Appeals' denial of McClatchey's motion for discretionary review is affirmed.
DURHAM, C.J., and GUY, JOHNSON and ALEXANDER, JJ., concur.
SMITH, Justice, concurring.
I agree with the majority that "the constitutionality of the statute [RCW 71.09, the sexually violent predator's act] as applied to the facts of [Petitioner McClatchey's] case cannot be determined" "unless and until he is found to be a sexually violent predator, and committed under the provisions of RCW 71.09." Majority at 648. I agree that we should affirm the Court of Appeals, which denied Petitioner McClatchey's motion for discretionary review. I also agree with the statement of the majority that "because [Petitioner McClatchey] has not yet been tried on the commitment petition ... his challenge [is] premature." Majority at 646.
Petitioner McClatchey, a 70-year-old man with a long history of sexually predatory acts involving children, has by numerous waivers of speedy trial calculatedly prevented the State from proceeding with his commitment trial mandated "within forty-five days" of the petition for probable cause for his confinement as a sexually violent predator under RCW 71.09. The consequence is he has been confined without a hearing since July 24, 1992a period of almost five years. After oral argument before this Court we directed a special hearing by the trial court to determine whether Petitioner McClatchey personally wished for continued delay of his commitment trial. At the special hearing in the Pierce County Superior Court on March 13, 1997 before the Honorable Brian Tollefson, the following exchange occurred between the court and Petitioner in open court in the presence of his counsel and counsel for the State:
THE COURT: ... [T]he order of probable cause was filed on the 24th of July of 1992. Within 45 days of that date you were entitled to have a hearing and a trial on whether or not you could be confined under the provisions of RCW 71.09.040. Do you understand that Mr. McClatchey?
MR. McCLATCHEY: Yes.
THE COURT: Today is the 13th of March, 1997, so way more than 45 days have gone by. Do you still wish to waive your right to a speedy trial and hearing in this case?
MR. McCLATCHEY: Yes, I do. Until the Supreme Court makes its decision, I would. I would like to hold it off until after the Supreme Court makes its final judgment from Washington, D.C. I don't know when it will be.
THE COURT: I'm looking at a waiver of time for trial and there's a signature here above a signature line and below the signature line it says Phillip McClatchey. Is that your signature above that signature line?
MR. McCLATCHEY: I can't see it without mymy eyes are bad. Yes.
THE COURT: Okay. Did you read over that paper that you signed?
MR. McCLATCHEY: Yes, I read it over.
THE COURT: Let me read it to you. It says, "I, Phillip F. McClatchey, respondent in the above-captioned cause, acknowledge that I have been fully advised by my attorney and the Court of my right to be tried within 45 days of the date that this Court found probable cause, pursuant to RCW 71.09.030. I have knowingly, intelligently and voluntarily waived that right to date, and now hereby further request and consent to the extension of the trial date in this matter until after the issuance of the Washington *649 State Supreme Court's ruling in my appeal in cause number 63757-1. Dated this 13th day of March, 1997. Signed Phillip McClatchey." Do you agree with that entire statement?
MR. McCLATCHEY: Yes, I do.
THE COURT: All right, I find that he voluntarily, knowingly and intelligently waives his right to a speedy trial in this case.
The constitutionality of a statute may not be challenged unless the person bringing the case is adversely affected by a particular feature of the statute claimed to be in violation of the constitution.[2] To have standing a person "must claim infringement [by the statute] of an interest particular and personal to [the claimant], as distinguished from a cause of dissatisfaction with the general framework of the statute."[3]
In addressing the standing issue, Respondent State of Washington argues that Petitioner does not have standing to raise the issue of treatment until he has actually been committed as a sexually violent predator under RCW 71.09. Respondent cites Lujan v. Defenders of Wildlife,[4] in which the United States Supreme Court outlined three elements required as a minimum for constitutional standing:

First, the plaintiff must have suffered an "injury in fact"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not `conjectural' or `hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained ofthe injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."[[5]]
The sexually violent predators statute, RCW 71.09, at issue in this case articulates the rights and responsibilities of the parties at each step of the process. Under the statute a person who has not been committed has the right, within seventy-two hours after being taken into custody, to notice and an opportunity to appear in person at a probable cause hearing to determine whether probable cause exists to hold the person as a sexually violent predator pending a commitment trial.[6] At the probable cause hearing the person has a right to be represented by counsel, to present favorable evidence, to cross-examine opposing witnesses, and to view and copy all petitions and reports in the court's files.[7] It is not clear from the record in this case whether Petitioner McClatchey physically appeared in court for his probable cause hearing, although his counsel during oral argument stated to the Court that Petitioner never appeared in court even after the State filed the petition for probable cause against him on July 24, 1992.
After a probable cause hearing, if the court determines that probable cause exists to hold a person as a sexually violent predator, then the person has a right to a commitment trial under RCW 71.09.050. RCW 71.09.050(1) provides that, within forty-five days after completion of the probable cause hearing, "the court shall conduct a trial to determine whether the person is a sexually violent predator." However, "[t]he trial may be continued upon the request of either party and a showing of good cause...."[8] At the commitment trial the person has a right to be represented by counsel "and if the person is indigent, the court shall appoint counsel to assist" the accused.[9] The accused also has a *650 right to retain independent experts or professionals to perform examinations[10] and a right to demand trial before a twelve-person jury.[11] While the statute provides additional rights after a person is committed, it does not provide any specific rights to persons who have been detained, but have not been committed.[12]
Notwithstanding that Petitioner McClatchey has been held for nearly five years following the probable cause petition filed by the State on July 24, 1992 without a commitment trial mandated within forty-five days by RCW 71.09, he still does not meet the standing requirements established by Rowe or Lujan to challenge conditions or treatment at the Special Commitment Center (SCC). The statute provides a right to treatment only to persons who have been committed. Thus Petitioner McClatchey does not have standing to challenge the conditions of confinement and treatment at the SCC until he has been committed following a trial under RCW 71.09.050(1) and been subjected to whatever treatment may then be afforded him. He has not suffered infringement of an interest particular and personal to himself because he is not at this stage entitled to any treatment under the statute.[13] Nor does Petitioner meet the Lujan standing requirement of an "invasion of a legally protected interest."[14] Although Petitioner has been in custody at the SCC awaiting a commitment trial at least since July 14, 1992, the statute does not require the SCC to provide treatment for him until he has actually had a commitment trial and has been committed. Neither of these events has occurred. Petitioner McClatchey himself has delayed the process. He cannot in the abstract object to the quality of treatment until he has been subjected to it. He cannot be subjected to it until he is willing to proceed to a commitment trial with the probable result of commitment.
DOLLIVER and TALMADGE, JJ., concur.
SANDERS, Justice, dissenting.
For five years Phillip McClatchey has been confined without trial at the Special Commitment Center in the Washington State Reformatory. For five years he has received no psychiatric treatment. It is not argued his detention has therapeutically benefited him.
Notwithstanding, the State continues to imprison McClatchey because he previously molested a young boy, although he has paid for his crime by previously serving, and completing, an 11-year prison sentence. Clerk's Papers (CP) at 97. RCW 71.09.020(1) defines one as a "sexually violent predator" in part by referencing a prior criminal conviction of a violent sex crime. McClatchey is now incarcerated once again based on a petition filed by the prosecutor alleging he is a "sexually violent predator."
This court, by divided opinion, previously upheld the "Sexually Violent Predator" statute against a facial constitutional challenge, but only because the detention was accompanied by treatment. In re Young, 122 Wash.2d 1, 23, 857 P.2d 989 (1993).[1] However, if a detainee receives no treatment, there is nothing to distinguish this alleged "civil" detention from traditional criminal confinement.
The majority does not reach this issue, however, because it finds McClatchey, although confined, does not have the right to seek freedom through a judicial proceeding prior to trial. Majority at 647-648. The issue, *651 however, is whether he is now, as he has been for the last five years, incarcerated in violation of his constitutional rights. The majority does not explain what bearing a subsequent trial may have on the legality of his present incarceration. I see none.
The majority may assume the statute grants a right to treatment only to those the State has committed, and McClatchey cannot challenge the conditions of confinement and treatment at SCC because it had not yet committed him. This seems to be a ripeness argument although the majority doesn't tell us what it is. Ripeness addresses whether "the issues presented are appropriate for judicial resolution at this time." Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Standing asks who may bring a suit while ripeness asks when that suit may be brought.
To decide whether a cause of action is ripe for judicial determination we look to the fitness of the issues for judicial resolution and the hardship imposed on the parties by withholding court consideration. First Covenant Church v. City of Seattle, 114 Wash.2d 392, 399, 787 P.2d 1352 (1990), cert. granted and judgment vacated by 499 U.S. 901, 111 S.Ct. 1097, 113 L.Ed.2d 208 (1991). A fit claim is one where "`the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" First Covenant Church, 114 Wash.2d at 400, 787 P.2d 1352 (quoting Standard Alaska Prod. Co. v. Schaible, 874 F.2d 624, 627 (9th Cir.1989), cert. denied by BP Exploration, Inc. v. Baily, 495 U.S. 904, 110 S.Ct. 1923, 109 L.Ed.2d 287 (1990)).
By insisting McClatchey cannot bring suit until the State subjects him to a commitment trial, the majority essentially argues there are further necessary factual determinations to be made, i.e., those which might be made at a commitment trial. However, McClatchey is presently deprived of his liberty. A trial tomorrow will not change the reality of today. Moreover, the issue of double jeopardy turns on (1) dual punishment and/or (2) the prospect of double trial. The State's action is final because McClatchey is presently incarcerated and awaiting trial.
A second trial for the same offense raises the concern of
whether or not [the trial court] would be acting in excess of its jurisdiction in proceeding to try the defendant for the offenses charged in the ... information. Where the constitution prohibits a double jeopardy trial, it would be our view that a trial court does exceed its jurisdiction in proceeding with such trial.
State v. Harris, 2 Wash.App. 272, 282, 469 P.2d 937 (1970), rev'd, 78 Wash.2d 894, 480 P.2d 484, rev'd, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971). As the Sixth Circuit noted:
One who sets up a defense under the double jeopardy clause to a pending criminal prosecution is asserting a constitutional immunity from having to undergo "the risk or hazard of trial and conviction" and does not seek merely to avoid "the ultimate legal consequences of (an adverse) verdict." Price v. Georgia, 398 U.S. 323, 331, 90 S.Ct. 1757, 1762, 26 L.Ed.2d 300 (1970). The "prohibition is not against being twice punished, but against being twice put in jeopardy." Ball v. United States, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 11 [41] L.Ed. 300 (1896). "There is a wide difference between a verdict given and the jeopardy of a verdict," because the "hazard, peril, danger, jeopardy of a verdict cannot mean a verdict given." Commonwealth v. Cook, 6 S & R 577, 596 (Pa.1822). Thus, "if a criminal defendant is to avoid Exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge ... must be reviewable before that subsequent exposure occurs." Abney v. United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977).
Gully v. Kunzman, 592 F.2d 283, 286-87 (6th Cir.), cert. denied, 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 292 (1979). McClatchey must therefore be able to challenge a future trial, which he claims will be "a second prosecution," before such a trial occurs. His case is thus ripe for this reason as well.
McClatchey does not merely challenge the conditions of confinement qua conditions of confinement. He claims the conditions of confinement under which the inmates of SCC *652 are kept are punitive and therefore constitute double punishment. Confinement includes pretrial confinement. He claims this confinement cannot be other than punishment because there is no treatment. A trial will shed no light on this claim.
A plain reading of Young demonstrates the court held the commitment was nonpunitive only because treatment is provided to sex offenders: the holding hinges on the treatment. We there held the statute did not violate substantive due process because the State has a compelling interest "in treating sex predators...." Young, 122 Wash.2d at 26, 857 P.2d 989. We also held the statute does not implicate a detainee's Fifth Amendment privilege against self-incrimination because the detainee's cooperation "with the diagnosis and treatment procedures is essential." Id. at 52, 857 P.2d 989. The decision speaks repeatedly of the need to "care" for sex offenders. Indeed, the decision states unequivocally, "[t]he Statute requires that constitutionally mandated care and treatment be provided...." Id. at 33, 857 P.2d 989 (emphasis added). Young distinguished treatment from deterrence and punishment.
However, Young does not address pretrial detention where there is no treatment. McClatchey has been detained without trial or treatment for the last four-and-a-half years. It is undisputed that McClatchey currently receives none of the treatment that we classified in Young as constitutionally mandatedhence, the obvious conclusion: He is being punished. If incarceration is not punishment because it also provides treatment, confinement without treatment must be punishment.
In Allen the United States Supreme Court addressed the question of the nature of detention and its relationship to punishment. Finding detention constitutionally permissible, the Court noted,
Petitioner has not demonstrated, and the record does not suggest, that "sexually dangerous persons" in Illinois are confined under conditions incompatible with the State's asserted interest in treatment. Had petitioner shown, for example, that the confinement of such persons imposes on them a regimen which is essentially identical to that imposed upon felons with no need for psychiatric care, this might well be a different case.
Allen, 478 U.S. at 373, 106 S.Ct. at 2994. This is a different case. The State confines McClatchey in a prison where he receives no psychiatric treatment for his alleged mental abnormalitya condition identical to the confinement of felons. But McClatchey cannot be constitutionally confined again for a crime for which he has already paid a full sentence.
The pretrial detention of sex offenders who have served their sentences but await a commitment trial is constitutionally impermissible because, absent treatment, it is punishment.

Conclusion
Phillip McClatchey has every legal right to seek judicial relief and by law he is entitled to it. His incarceration is exactly that double punishment the Double Jeopardy Clause was adopted to prevent. The circumstances of his current incarceration in that they are roughly equivalent to prison are not disputed. He has served his time. The only fact that will have changed when and if he is tried will be his incarceration will have been that much longer. Let him out.
NOTES
[1] We make no comment as to the possible merit of any future "as applied" challenge or the State's argument that Mr. McClatchey's contentions about claimed deficiencies in the treatment offered at the Special Commitment Center do not go to any constitutional infirmities in the statute, but instead go to deficiencies in the administrative implementation of the statute.
[2] State v. Rowe, 60 Wash.2d 797, 799, 376 P.2d 446 (1962)(citing State v. Lundquist, 60 Wash.2d 397, 401, 374 P.2d 246 (1962)).
[3] Id.
[4] 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
[5] 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992) (citations omitted) (emphasis added).
[6] See RCW 71.09.040(2).
[7] RCW 71.09.040(3).
[8] RCW 71.09.050(1) (Emphasis added).
[9] Id.
[10] RCW 71.09.050(2).
[11] RCW 71.09.050(3).
[12] The statute does provide committed persons with additional rights. See RCW 71.09.070 Annual examination of persons committed under chapter; RCW 71.09.080 Rights of persons committed under this chapter; RCW 71.09.090 Petition for conditional release to less restrictive alternative or unconditional dischargeProcedures. Petitioner's counsel in argument before this Court stated Petitioner has not appeared in person before a court for any of the proceedings which followed filing of the probable cause petition by the State.
[13] See Rowe, 60 Wash.2d at 799, 376 P.2d 446.
[14] Lujan, 504 U.S. at 560, 112 S.Ct. at 2136.
[1] In re Young was disapproved in Young v. Weston, 898 F.Supp. 744, 754 (W.D.Wash.1995); but see Kansas v. Hendricks, ___ U.S. ___, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (upholding a similar statutory scheme under federal constitution).