WATSON *v*. STATE.

Division A. Dec. 17, 1951.

No. 38282 (55 So. (2d) 441)

Claude **F**. Pittman, for appellant.

**Joe T. Patterson**, Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant, Walter Watson, was indicted, tried and convicted in the Circuit Court of Marion County, Mississippi, for the crime of assault and battery with intent to kill and murder one Hattie Lee Barnes, and was sentenced to the penitentiary for a period of 10 years, from which judgment he appeals.

The facts in this case as disclosed by the record, which are undisputed, briefly, are as follows: As a result of a homicide committed in Pike County, Mississippi, one Rob Lee carried the prosecuting witness, Hattie Lee Barnes, to Leland, Mississippi, for her safety; that on June 12, 1951, after the prosecuting witness had been in the Town of Leland for approximately two months, Rob Lee went to Leland where he saw Hattie Lee Barnes and she asked him when he was going home, as she wanted to go to her home in Tylertown to see her people. At the time she saw Lee in Leland, the appellant, Walter Watson, was with him. That same evening, Rob Lee, the appellant Watson and Hattie Lee Barnes left Leland in Lee's automobile for the return home. Rob Lee and

the appellant were both armed with pistols and were drinking whiskey. They arrived at Columbia, Mississippi, late in the night and Rob Lee went to the home of his son and spent the night and the appellant and Hattie Lee Barnes slept in his car. On the following day, Rob Lee and the appellant, accompanied by the prosecuting witness, drove around over the country, stopping at Tylertown and McComb, and continuing their drinking. On Wednesday night, they returned to the home of Lee's son where Lee spent the night, and the appellant and Hattie again slept in the car. The next day, Thursday, they started out, repeating their former procedure. On that afternoon, Lee drove to a place of his on Highway 24 in Marion County, Mississippi, which was closed; there Rob Lee and the prosecuting witness, Hattie Lee Barnes, got out of the car, leaving the appellant Watson in the automobile. Hattie Lee walked around the house and Lee followed her; as she was apparently returning to the car, he called her back and shot her three times with a pistol. She fell to the ground and asked Rob Lee to take her to a doctor, but he told her he would send the appellant, Walter Watson, around in the car to pick her up. According to her testimony, the appellant came around to where she was lying on the ground and as he approached she raised her head and the appellant shot her in the face with a pistol. The appellant returned to the car and stated to Lee, ''We got her.'' Rob Lee and the appellant then drove away. Hattie Lee Barnes, having been shot four times, later got to the home of the former wife of Lee, who carried her to a hospital in Tylertown.

The appellant testified in his own behalf and admitted shooting the prosecution witness, but contended that he was forced to shoot her by Lee, who commanded him to do it. The appellant further testified that he was sitting in the car at the time he heard the pistol fire three times and that he heard the prosecuting witness, Hattie Lee Barnes, say, ''Oh, Lord'', and he still waited in the

car until Lee returned and ordered him to go around and finish her.

The following errors are assigned: (1) that the court erred in overruling the motion of the defendant to quash the indictment; (2) that the court erred in overruling the demurrer to the indictment; (3) that the court erred in granting one of the instructions to the State; (4) that the court erred in refusing the appellant a requested instruction, and (5) that the evidence is insufficient to support the verdict.

■■ The appellant contends that the court erred in overruling the motion to quash the indictment for the reason that the indictment was void and of no legal effect because it was signed by the County Attorney and not signed by the District Attorney. Section 2441, Mississippi Code of 1942, provides as follows: "All indictments must be presented to the court by the foreman of the grand jury, with his name indorsed thereon, in the presence of at least twelve of such jury, including the foreman, and must be marked 'filed,' and such entry be dated and signed by the clerk; and an entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the indorsement by the foreman, together, with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment; * * *." In Smith v. State, 152 Miss. 114, 118 So. 710, the court held that it was not necessary for the District Attorney to sign the indictment, that it was sufficient for the indictment to be returned in court by the grand jury as provided in Section 2441, supra.

■■ The appellant next contends that the court erred in overruling the demurrer on the ground that the indictment was defective for the reason that it did not charge a felonious intent on the part of the appellant to commit the alleged crime. The indictment, omitting the formal parts, is as follows: "* * * did willfully, unlawfully, feloniously and of his malice aforethought

commit an assault and battery upon the person of one, Hattie Lee Barnes, a human being, with a certain deadly weapon, to-wit; a pistol, by then and there shooting and wounding the said Hattie Lee Barnes, with intent of him, the said Walter Watson, wilfully, unlawfully and feloniously and of his malice aforethought to kill and murder her, the said Hattie Lee Barnes.'' We are of the opinion that the indictment sufficiently charges the felonious intent to kill and murder. Bone v. State, 207 Miss. 20, 41 So. (2d) 347, and authorities cited therein.

It is contended that the court erred in granting the following instruction to the State: ''The Court instructs the jury for the State that a person is not authorized to attempt to take the life of another person at the command of a third person, whether he is in fear of such third person or not, and if you believe from the evidence in this case beyond a reasonable doubt that on the occasion in question, the defendant did wilfully, unlawfully, feloniously and of malice aforethought commit an assault and battery upon the person of one Hattie Lee Barnes, a human being, with a certain deadly weapon, to-wit: a Pistol, by then and there shooting and wounding the said Hattie Lee Barnes, with intent of him, the said Walter Watson, wilfully, unlawfully, and feloniously and of his malice aforethought to kill and murder her, the said Hattie Lee Barnes, it is your sworn duty to find him guilty as charged in the indictment, and this is true even though you may further believe from the evidence in this case that on the occasion in question the defendant was ordered and compelled by one Rob Lee to shoot the said Hattie Lee Barnes and that when the defendant fired the shot he did so in obedience to the orders of the said Rob Lee.''

The appellant cites no authority to support his argument. In 15 Am. Jur., Criminal Law, Sec. 318, it is stated: ''It seems that the law will excuse a person, when acting under coercion or compulsion, for committing most, if not all, crimes, except taking the life of

an innocent person. Even the crime of treason, if committed under the fear of death, may, it seems be excused. However, the authorities seem to be conclusive, at the common law, that no man can excuse himself, under the plea of necessity or compulsion, for taking the life of an innocent person.''

In 26 Am. Jur., Homicide, Sec. 111, we find the following: ''At common law no person can excuse himself for taking the life of an innocent person, on the ground that he acted under fear, coercion, compulsion, or duress. The command of a superior to an inferior—of a parent to a child, of a master to a servant, of a principal to an agent—will in no case justify the inferior in taking the life of an innocent person. The fact that the command of another to commit the homicide is enforced by threats of death does not relieve the accused from criminal liability. He cannot escape liability because he did the act to save his own life. This is especially true where the accused fails to take advantage of an opportunity to escape after knowing of the intent to compel him to commit the homicide.''

This Court has followed the general rule as stated in the above authorities. In Taylor v. State, 158 Miss. 505, 130 So. 502, 504, the Court said: ''The defendant, in his confession, stated that Washington compelled him, or ordered him, to do the shooting; and as he did the shooting, as he stated in his confession he did, in obedience to the orders of Washington, he is.of course equally guilty as he would be had he done it entirely on his own volition. ██ ██ A person is not authorized to take the life of another person at the command of a third person, whether he is in fear of such person or not, and if he and Washington were acting together, as the proof tended to show, being joint actors each was equally guilty regardless of who fired the fatal shot.''

In view of what has been said above, the court committed no error in refusing the appellant the following instruction: ''The court instructs the jury for the de-

794

fendant that if you believe from the evidence in this case that the defendant was forced through fear of bodily harm to commit the alleged assault and battery, and that he had no intent to kill and murder the said Hattie Lee Barnes, then it would be your sworn duty to find the defendant not guilty.''

The appellant also argues that the court erred in refusing to admit certain evidence pertaining to a homicide which occurred in Pike County. This was not assigned as error, but after considering same, we are of the opinion that there is no merit in this argument, as the ruling of the court was proper. Neither is there any merit in the assignment that the evidence is insufficient to support the verdict. There was ample evidence to support the verdict of the jury and the judgment of the court below is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.