Kevin Mark KEE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 581S143.

Supreme Court of Indiana.

Aug. 30, 1982.

Ronald T. Spangler, Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted after trial by jury of Attempted Murder, Ind. Code §§ 35–41–5–1; 35–42–1–1 (Burns 1979), and Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and sentenced to two concurrent terms of forty (40) years imprisonment. This direct appeal seeks review upon the following issues:

(1) Whether the trial court erred in refusing to suppress Defendant's confession.

(2) Whether the trial court erred in overruling Defendant's objection to the trial court's instruction upon the defense of duress.

(3) Whether the evidence is sufficient to support the convictions.

\* \* \* \* \* \*

## ISSUE I

Defendant first contends that the trial court erred in allowing his confession into evidence. He claims that even if we find that the confession had been voluntary, it was yet the fruit of illegal and unconstitutional police conduct, i.e. entrapment. The asserted entrapment concerns an incident which occurred after the charged Attempted Murder and Burglary. The police had information from an informant, who arranged a meeting between them and Defendant and at which Defendant made inculpatory statements and offered to sell the victim's credit cards.

In *Vaden v. State*, (1978) Ind., 383 N.E.2d 60, 61 we stated:

"We shall not discuss the voluntariness of the defendant's confession further because the defendant has waived any theoretical error by testifying to substantially the same facts as those contained in his confession." (citations omitted).

Defendant testified in his own defense and related the facts of and his complicity in the charged offenses in detail but claimed that he acted under the duress of another armed with a pistol. As in *Vaden*, based upon the record, we find no reversible error in the admission of Defendant's confession.

## ISSUE II

Defendant's second assignment of error relates to the trial court's final instruction upon the defense of duress, Ind.Code § 35–41–3–8 (Burns 1979). The instruction provided that the instruction was applicable only to Count I, Burglary. The defendant objected to the giving of such instruction, when proposed, as follows:

"It's defines, I believe, that instruction on duress does not parallel what the statute requires. And the defense understands that the intended instruction is going to pertain to only count one (Burglary). It's defense's position that the instruction on duress should pertain to both counts one and two (Attempted Murder)." (R. at 425)

The trial court never ruled upon this objection but implicitly overruled it by reading the instruction to the jury.

■ Defendant argues that although the defense of duress is not available upon a charge defined in Ind.Code § 35–42 (which includes murder) it is, nevertheless, available upon a charge of attempted murder. He reasons that the statute which defines duress and makes it available generally, excludes its use only specifically. One specific exclusion is as to "a person who: * * * committed an offense against the person as defined in I.C. 35–42." He further argues that the crime of attempted murder is not defined in I.C. 35–42, but in I.C. 35–41–5–1 and that, therefore, the exclusion does not apply. The fallacy lies in the conclusion that I.C. 35–41–5–1 defines the crime of attempted murder which, standing alone, it does not. It is definitive of the crime charged only when read in conjunction with I.C. 35–42–1–1 (Murder). Attempted murder is, therefore, an offense against the person as defined in I.C. 35–42, and the defense of duress is expressly excluded.

## ISSUE III

■ Defendant contends that his defense of duress was established as a matter of law. The only evidence of Duress came from the testimony of Defendant, who was the only witness for the defense.

At trial, Defendant related a lengthy story about continuing harassment, beatings, and a robbery he suffered at the hands of a gang in Gary known as the "Brotherhood." These assaults, designed to force him to join the gang, had occurred over a period of approximately three weeks prior to the night of the offenses charged herein. Defendant claims that the leader of the gang had ordered him, with personal threats, to break into a house accompanied by another gang member, who was armed with a pistol. Once inside, Defendant, again pursuant to orders, hit an eighty-five (85) year old woman over the head more than once with a hammer that he had obtained from the basement of the house.

The jury was not obligated to believe Defendant's testimony, nor, based upon the evidence, to find duress as defined in Ind. Code § 35–41–3–8 (Burns 1979). Defendant testified on direct examination that he had thought that he had a chance to abandon the crime before he assaulted the victim. From his subsequent actions, the jury could find that Defendant had chosen not to escape. *See Rodgers v. State*, (1981) Ind., 415 N.E.2d 57, 60. Additionally Defendant admitted his culpability on cross-examination:

"Q. So what you're telling us today, Mr. Kee, is the reason you're here is somebody else's fault?

"A. Excuse me?

"Q. The reason you're here today is all somebody else's fault?

"A. No, it's not all somebody else's fault.

"Q. Trying?

"A. It's not.

"Q. Trying to tell us it's not your own fault?

"A. It's partially my fault." (R. at 384–85)

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.