75 P.3d 961 (2003)
STATE of Washington, Respondent,
v.
Christina Ann MANNERING, Petitioner.
No. 72811-9.
Supreme Court of Washington, En Banc.
Argued June 10, 2003.
Decided September 11, 2003.
*962 Robert Mason Quillian, Olympia, for petitioner.
Steven Curtis Sherman, Thurston County Pros. Office, Olympia, for respondent.
FAIRHURST, J.
The issue in this case is whether a criminal defendant may raise the defense of duress to a charge of attempted murder. By statute, duress is not a defense to murder. However, the duress statute is silent as to whether it applies to attempted murder. The trial court and the Court of Appeals determined that the defense of duress is not available for attempted murder. We agree.

I. FACTS
Christina Mannering and Bill Ulery were in a romantic relationship. Ulery was a defendant in a domestic violence case in which Victorina Allie, his former girl friend, was the victim. Ulery told Mannering he wanted her to kill Allie. Mannering initially refused, and only after Ulery threatened to kill her did she agree to kill Allie. Mannering denied that she wanted Allie dead.
On April 4, 1999, Mannering knocked on the door of Allie's residence. When Allie opened the door, Mannering "barreled in the door with a knife" and attempted to kill Allie. Record of Proceedings (RP) at 55. Allie wrested the knife from Mannering's control and suffered only a cut to her left wrist. Mannering fled the scene and returned to Ulery at Motel 6 where the two were staying. Ulery helped Mannering bandage her wounds.
A police detective tracked down Mannering. She admitted her involvement in the attack and agreed to assist the police by wearing a wire to record conversations with Ulery.
*963 Mannering was charged with one count of attempted murder in the first degree and one count of burglary in the first degree, both while armed with a deadly weapon. Defense counsel initially indicated that he planned to rely on a general denial defense and a duress defense.
The State filed a motion in limine to preclude the defense of duress. At a pretrial hearing, the trial judge determined that duress was not an available defense for the crime of attempted murder. The judge reserved ruling on whether the defense was available for either of the uncharged lesser included offenses of attempted murder or burglary.
Mannering testified at trial that she had been involved in a romantic relationship with Ulery for several months prior to the incident and that Ulery was often physically and emotionally abusive toward her. She failed to provide any evidence to corroborate this claim or mention it to the police during interrogation.
On the second day of trial, defense counsel informed the judge that he would not pursue a duress defense on either attempted first degree murder or first degree burglary. Defense counsel instead argued that Mannering lacked the requisite intent for murder. The jury found Mannering guilty of attempted murder in the first degree while armed with a deadly weapon and burglary in the first degree while armed with a deadly weapon.
Mannering appealed her convictions, arguing that the trial judge erred by excluding the defense of duress for attempted first degree murder. Mannering also argued that she received ineffective assistance of counsel because her attorney did not pursue a duress defense for the crimes charged, or any possible lesser included offenses, and did not call a defense expert witness to testify regarding the defense of duress and/or her potential lack of intent. The Court of Appeals affirmed the trial court. State v. Mannering, 112 Wash.App. 268, 48 P.3d 367 (2002). Mannering sought, and was granted, discretionary review. State v. Mannering, 148 Wash.2d 1026, 67 P.3d 1097 (2003).

II. ISSUES
1. May a defendant use the affirmative defense of duress to a charge of attempted first degree murder?
2. Did Mannering receive ineffective assistance of counsel?

III. ANALYSIS
A. Defense of Duress
The duress defense derives from the common law and is premised on the notion that it is excusable for someone to break the law if he or she is compelled to do so by threat of imminent death or serious bodily injury. ROLLIN M. PERKINS & RONALD N. BOYCE, CRIMINAL LAW 1059 (3d ed.1982) (hereinafter PERKINS). However, even at common law, duress was not a defense for murder or attempted murder. Id. Public policy mandated that it was better for someone to sacrifice his or her own life instead of yielding to compulsion and taking an innocent person's life. WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., CRIMINAL LAW § 5.3(b) (2d ed. 1986) ("[D]uress cannot justify the intentional killing of (or attempt to kill) an innocent third person."); PERKINS at 1059 ("[T]he common law recognizes no excuse for the intentional killing of an innocent person, even if necessary to save oneself from instant death....").
RCW 9A.16.060 provides for the defense of duress, and at the time of the incident stated:
(1) In any prosecution for a crime, it is a defense that:
(a) The actor participated in the crime under compulsion by another who by threat or use of force created an apprehension in the mind of the actor that in case of refusal he or another would be liable to immediate death or immediate grievous bodily injury; and
(b) That such apprehension was reasonable upon the part of the actor; and
(c) That the actor would not have participated in the crime except for the duress involved.

*964 (2) The defense of duress is not available if the crime charged is murder or manslaughter.
Former RCW 9A.16.060 (1975).[1] A statutory interpretation is an issue of law, and is determined de novo by this court. Our Lady of Lourdes Hosp. v. Franklin County, 120 Wash.2d 439, 443, 842 P.2d 956 (1993).
Mannering asserts that the language of this statute is clear and unambiguous, noting that when a statute is unambiguous, the court applies the statute as written and "`assume[d] that the legislature means exactly what it says.'" In re Custody of Smith, 137 Wash.2d 1, 8-9, 969 P.2d 21 (1998) (quoting State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995)). Mannering argues that the statutory duress defense is only unavailable for the particular crimes of murder, manslaughter, and homicide by abuse, and that "attempted murder" is not on the list. RCW 9A.16.060(2). Mannering also points out that several other statutes include the word "attempt," indicating that if the legislature did not want the duress defense to be available for attempted murder, it could have structured the statute that way.
However, statutes must be read to avoid absurd and strained interpretations. State v. McDougal, 120 Wash.2d 334, 350, 841 P.2d 1232 (1992). "Attempted murder" is not a crime listed in the statutes. Rather, criminal attempt and murder combine to form attempted murder. State v. Gay, 4 Wash.App. 834, 838-39, 486 P.2d 341 (1971). "A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime." Former RCW 9A.28.020(1) (1994).[2] "A person is guilty of murder in the first degree when: (a) With a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person." RCW 9A.32.030(1)(a).
Few other courts have addressed the precise issue before us. Mannering offers decisions from four other states to indicate that authority is split.[3] Only one of those decisions, Kee v. State, 438 N.E.2d 993 (Ind. 1982), dealt with a statute that prohibited the duress defense for murder.
Indiana's duress statute, Ind.Code § 35-41-3-8, is similar to RCW 9A.16.060 because it provides a general grant of the defense of duress but specifically excludes those who have "[c]ommitted an offense against the person as defined in IC 35-42," which includes murder. IND.CODE ANN. § 35-41-3-8(b)(2) (Michie 1998). In Kee, the defendant argued that because attempt was defined in Ind. Code § 35-41-5-1, not Ind.Code § 35-42, the duress defense was available to him. Kee, 438 N.E.2d at 994. The Indiana attempt statute states, in relevant part: "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." IND.CODE ANN. § 35-41-5-1(1)(a) (Michie 1998). The Kee court rejected the defendant's argument, noting that:
The fallacy lies in the conclusion that I.C. XX-XX-X-X defines the crime of attempted murder which, standing alone, it does not. It is definitive of the crime charged only when read in conjunction with I.C. XX-XX-X-X (Murder). Attempted murder is, therefore, an offense against the person as defined in I.C. 35-42, and the defense of duress is expressly excluded.
Kee, 438 N.E.2d at 994.
This analysis comports with Washington precedent. This court previously held that an attempt to commit a crime is included in the crime itself. State v. Rowe, 60 Wash.2d *965 797, 798, 376 P.2d 446 (1962) (person may be convicted of attempt to commit crime even though evidence establishes that crime was actually committed); State v. Arnold, 144 Wash. 367, 368, 258 P. 20 (1927) (attempt is included in crime); State v. Romans, 21 Wash. 284, 285-86, 57 P. 819 (1899) (defendant charged with crime may be found guilty of attempt). RCW 10.61.010 specifically allows a jury to convict a defendant of the crime charged, or an attempt to commit the crime charged. The crime of murder includes the crime of attempted murder. It would be a strained interpretation of the duress statute to allow a defendant to assert duress for attempted murder when that charge is included within murder. Therefore, preclusion of the duress defense for murder also precludes the duress defense for attempted murder.
Numerous criminal statutes provide a defense to particular crimes under certain circumstances, yet the statutes do not specifically provide that the defense applies to an attempt of the crime.[4] Under petitioner's theory, these defenses would be available if the defendant completed the crime but would be unavailable if the defendant only attempted the crime. Washington courts have implicitly allowed such defenses to be used for "attempt" crimes. See, e.g., State v. Lough, 70 Wash.App. 302, 327-28, 853 P.2d 920 (1993), aff'd, 125 Wash.2d 847, 889 P.2d 487 (1995) (defense of consent available for attempted second degree rape charge); State v. Collins, 45 Wash.App. 541, 551-53, 726 P.2d 491 (1986) (noting that trial court properly instructed jury that felony murder could be based on attempted kidnapping, and that defendant could raise statutory defense found in kidnapping statute for attempted kidnapping charge).
In upholding the denial of the duress defense for attempted murder, the Court of Appeals noted that "logic and the spirit of the statute" led to that result. Mannering, 112 Wash.App. at 275, 48 P.3d 367. The court observed that duress is a defense because an actor who is threatened with death or grievous bodily harm chooses the lesser of two evils by committing the crime he or she is being compelled to do. Id. at 274, 48 P.3d 367. However, killing an innocent person is not the lesser of two evils, as the innocent person's life is as worthy as the actor's life. Id. Attempted murder is effectively no less of an evil than murder because, for both murder and attempted murder, the actor has the specific intent of killing an innocent person and, therefore, has not chosen the lesser of two evils. Id. at 275-76, 48 P.3d 367. Instead, the primary difference between murder and attempted murder is simply the victim's condition. Id. at 276, 48 P.3d 367. We agree with the Court of Appeals and hold that the duress defense is not available for attempted murder.
B. Ineffective Assistance of Counsel Claim
In order to establish ineffective assistance of counsel, Mannering must show that (1) her attorney's performance was deficient and not a matter of trial strategy or tactics, and (2) she was prejudiced. State v. Hendrickson, 129 Wash.2d 61, 77-78, 917 P.2d 563 (1996) (citing Strickland v. Washington, 466 U.S. 668, 687-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If either part of the test is not satisfied, the claim fails. Hendrickson, 129 Wash.2d at 78, 917 P.2d 563. There is a presumption of effective representation, and the defendant must show in the *966 record the absence of a legitimate strategic or tactical reason supporting the challenged conduct by counsel. Id. at 78-79, 917 P.2d 563.
Mannering contends that she received ineffective assistance of counsel for two reasons (1) her attorney failed to pursue the defense of duress for the crimes charged or any possible lesser included offenses, and (2) her attorney failed to call a defense expert witness to testify regarding the defense of duress and/or the potential lack of intent on her part.
1. Failure to pursue defense of duress was strategic.
We have already affirmed the trial court's decision to deny the duress defense for attempted murder, so defense counsel could not have pursued that defense. Defense counsel's decision not to pursue the duress defense for the burglary charge or any possible lesser included offenses was likely strategic for a couple of reasons. For a duress defense, the defendant must be "liable to immediate death or immediate grievous bodily injury." RCW 9A.16.060(1)(a). The jury determines whether a defendant reasonably believed himself or herself to be in immediate harm. State v. Williams, 132 Wash.2d 248, 259, 937 P.2d 1052 (1997). The evidence did not show Mannering was in immediate harm. Mannering had left Ulery and traveled on her own to Allie's home. After the incident, she drove back to Ulery. Without any evidence of immediate harm, Mannering would not have been entitled to a duress defense. Furthermore, to pursue a duress defense, Mannering would have had to admit all of the elements of the underlying crimes. State v. Riker, 123 Wash.2d 351, 367-68, 869 P.2d 43 (1994). For a first degree burglary conviction, the prosecution must prove the defendant unlawfully entered a building with the intent to commit a crime against a person or property therein and either is armed with a deadly weapon or assaults a person. RCW 9A.52.020. In this case, the prosecution alleged that Mannering entered the building with the intent to commit murder. If Mannering had pursued a duress defense for the burglary charge, she would have admitted that she entered Allie's residence with the intent to commit murder. But Mannering's defense was that she lacked the intent to commit the attempted murder. Lack of intent and duress are, therefore, inconsistent with one another.
Moreover, Mannering has not pointed to any evidence in the record that shows that defense counsel's decision fell below an objective standard of reasonableness. Nor is there any indication that a duress defense would have led to a different result given Mannering's testimony and confession to police.
2. Failure to call defense expert witness was strategic.
Mannering contends that an expert witness, Brett Trowbridge, Ph.D., J.D., who had examined her could have been called to testify as to duress and/or her intent. Dr. Trowbridge did not testify at trial. As noted above, defense counsel's decision not to pursue a duress defense was strategic, so Dr. Trowbridge would not have been called to testify about duress. As to Mannering's intent, Dr. Trowbridge wrote a letter to counsel stating that the results of Mannering's personality test "suggest a dependent personality disorder." Clerk's Papers at 11. Nothing in Dr. Trowbridge's letter, or in the record, indicates that he would have testified as to Mannering's intent. Even if counsel's decision not to call Dr. Trowbridge was wrong, his potential testimony as to Mannering's intent would have been refuted by her own admission that she intended to kill Allie, including testimony that she and Ulery planned the killing, as well as her confession to police. The result of the proceeding would not have been different.
Mannering does not meet the first prong of the ineffective assistance of counsel claim and, even if she did, there is no actual prejudice indicating that the result of the proceeding would be different.

*967 IV. CONCLUSION
Because duress is not an available defense to the crime of attempted murder and Mannering failed to prove that she received ineffective assistance of counsel, we affirm the Court of Appeals.
ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS and OWENS, JJ., concur.
NOTES
[1] This section was amended in 1999 by neutralizing gender and adding "homicide by abuse" to subsection (2). Laws of 1999, ch. 60, § 1. These changes do not affect the analysis of this case.
[2] This section was amended in 2001, and now reads: "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." Laws of 2001, 2d Spec. Sess., ch. 12, § 354. These changes do not affect the analysis of this case.
[3] Br. of Appellant at 9-10 (citing Cawthon v. State, 382 So.2d 796 (Fla.App.1980); Armand v. State, 474 N.E.2d 1002 (Ind. 1985); Kee v. State, 438 N.E.2d 993 (Ind. 1982); Watson v. State, 212 Miss. 788, 55 So.2d 441 (1951); People v. Jackson, 227 A.D.2d 137, 641 N.Y.S.2d 840 (1996)).
[4] See, e.g., RCW 9A.32.030(1)(c) (murder in the first degree); RCW 9A.32.050(1)(b) (murder in the second degree); RCW 9A.40.030(2) (kidnapping in the second degree); RCW 9A.40.080(2) (custodial interference); RCW 9A.42.050 (criminal mistreatment); RCW 9A.42.090 (abandonment of a dependent person); RCW 9A.42.110(2) (leaving a child in the care of a sex offender); RCW 9A.44.030(2), (3) (rape of a child in the first, second, or third degree; child molestation in the first, second or third degree; and sexual misconduct with a minor in the first or second degree); RCW 9A.44.050(1)(d) (rape in the second degree); RCW 9A.44.100(1)(d) (indecent liberties); RCW 9A.44.180 (custodial sexual misconduct in the first or second degree); RCW 9A.46.110(3) (stalking); RCW 9A.48.060 (reckless burning in the first or second degree); RCW 9A.52.090 (criminal trespass in the first or second degree); RCW 9A.56.020(2) (theft in the first, second, or third degree); RCW 9A.56.300(4) (theft of a firearm); RCW 9A.64.010(2) (bigamy); RCW 9A.76.100(2) (compounding); RCW 9A.76.110(2), .120(2) (escape in the first or second degree); and RCW 9A.76.170(2) (bail jumping).