# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78322-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JUSTIN TRAVIS LANGWORTHY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 4, 2019 |
| | ) | |

MANN, A.C.J. — Justin Langworthy appeals his conviction for possession with the intent to deliver methamphetamine. Langworthy contends that his counsel incorrectly advised him of his sentencing exposure during plea negotiations, which resulted in prejudice. The trial court initially sentenced Langworthy to 28 months. However, after the Washington Caseload Forecast Council notified the court that Langworthy's standard range was incorrectly calculated, the trial court resentenced Langworthy to 63 months. Langworthy contends he was prejudiced because, had he known that his sentencing exposure was much higher, he would have accepted a plea agreement. We agree. We reverse and remand for resentencing consistent with Lafler v. Cooper, 566 U.S. 156, 170-172, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).

I.

On October 12, 2017, the State charged Langworthy with possession of methamphetamine with intent to deliver while armed with a deadly weapon, a knife, and possession of methamphetamine. Langworthy retained private counsel, Stephen Brandi.

The State and Brandi engaged in plea negotiations,[1] but Langworthy rejected those offers. Brandi withdrew, citing Langworthy's wishes to go to trial with a public defender due to his inability to pay for private counsel.

Colleen Kenimond appeared on behalf of Langworthy. Kenimond continued the plea negotiations and the State offered a 16-month sentence, in exchange for pleading to possession with intent to deliver. Langworthy rejected that offer.

On March 21, 2018, the State filed an amended information, removing the possession charge and proceeded to trial on the possession with intent to deliver and the deadly weapon enhancement. The jury found Langworthy guilty and found that he was armed with a deadly weapon during the commission of the crime.

On March 30, 2018, the trial court sentenced Langworthy. Langworthy's standard sentence range was listed on the judgment and sentence as 12 to 20 months with an additional mandatory year for the deadly weapon enhancement, totaling 24 to 32 months. The trial court sentenced Langworthy to 28 months. On April 23, 2018, the Washington Caseload Forecast Council notified the trial court that Langworthy's standard sentence was incorrectly calculated. It explained that when a Controlled

---

[1] The prosecutor's declaration indicates that "The State made several offers, one of which was to plead to Possession with Intent to Deliver with an agreed sentence of 16 months."

Substances Act felony is committed with a deadly weapon, the seriousness level of the offense is ranked as a level III offense, rather than a level II offense. RCW 9.94A.518.[2] Langworthy's actual standard sentence range was 51 to 68 months with an additional mandatory year for the deadly weapon enhancement, totaling 63 to 80 months. RCW 9.94A.517.[3]

In light of this error, the trial court resentenced Langworthy to 63 months. Before resentencing, Kenimond withdrew, indicating she provided ineffective assistance to Langworthy because she misread the drug sentencing guideline and did not advise Langworthy accurately of his potential sentencing exposure during plea negotiations. The court appointed new counsel to represent Langworthy at the resentencing hearing. Langworthy moved for a new trial under CrR 7.5, citing ineffective assistance of counsel. The court denied Langworthy's motion for a new trial.

II.

The Sixth Amendment affords a defendant the right to be represented by counsel in all criminal prosecutions. U.S. CONST. amend. VI. A defendant's counsel is ineffective where the attorney's performance was deficient and the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. E. 2d 674 (1984). The defendant must show that both (1) his attorney's performance was deficient and not a matter of trial strategies or tactics and (2) that he was prejudiced. State v. Mannering, 150 Wn.2d 277, 285-86, 75 P.3d 961 (2003). "There is a

---

[2] Table 4: "Any felony offense under chapter 69.50 RCW with a deadly weapon special verdict under RCW 9.94A.602" is a level III offense.

[3] Table 3 indicates that, for an offender with a score of 0 to 2, a standard sentence range for a level II offense is 12+ to 20 months, whereas, the standard sentence range for a level III offense is 51 to 68 months.

presumption of effective representation, and the defendant must show in the record the absence of a legitimate strategic or tactical reason supporting the challenged conduct by counsel." Mannering, 150 Wn.2d at 286.

A defendant is prejudiced when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A "reasonable probability is lower than a preponderance standard." State v. Estes, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017) (internal quotations omitted).

This "constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." Lafler, 556 U.S. at 165. "In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 556 U.S. at 164. When claiming ineffective assistance of counsel during plea negotiations, a defendant must show "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, [] that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than the judgment and sentence that in fact were imposed." Lafler, 556 U.S. at 164.

A.

Langworthy contends that Kenimond's performance was deficient and not a matter of trial strategies or tactics. We agree.

-4-

Here, when Kenimond withdrew from representing Langworthy, Kenimond provided a declaration stating that:

2. I told Mr. Langworthy that after trial, he faced a maximum standard range sentence of 28 months.

3. The State made an offer of 16 months, which was declined by Mr. Langworthy.

4. The Court sentenced Mr. Langworthy to 26 months at Department of Corrections.

5. Caseload Forecast Council has asked this court to resentence Mr. Langworthy to a standard range sentence of 51-68 months, plus the addition of the deadly weapon enhancement, or 63-80 months.

6. He is now facing potentially 5 times the sentence offered in negotiations

7. I failed to correctly read the drug sentencing guideline; the State failed to correctly read the drug sentencing guideline; prior counsel did not advise Mr. Langworthy of this issue.

8. I was ineffective in plea negotiations.

9. New counsel should be appointed to consider the ramifications of Lafler v. Cooper and file a motion on Mr. Langworthy's behalf.

Kenimond's declaration indicates that she did not correctly read the drug sentencing guideline and was ineffective in plea negotiations. Kenimond's performance during plea negotiations was ineffective because she did not accurately advise Langworthy of his sentencing exposure if he chose to forgo the plea offer and proceed to trial.

## B.

Langworthy contends that Kenimond's deficient performance resulted in prejudice because he would have accepted the plea, had he known the standard range was 63 to 80 months. We agree.

Kenimond did not advise Langworthy that the seriousness level of possession with intent to deliver is elevated from a level II offense to a level III offense when committed with a deadly weapon. RCW 9.94A.518. This elevation results in a longer standard sentencing range. RCW 9.94A.517. There is a reasonable probability that if Kenimond advised Langworthy of the accurate standard sentence, he would not have gone to trial. Furthermore, the trial court sentenced Langworthy to a level II offense, rather than a level III offense, which supports Langworthy's contention that he was not advised accurately of the standard sentencing range.

The State contends that Langworthy has not provided a declaration or other sworn statement indicating that, had he been properly advised, he would have accepted the plea—which is fatal to his claim. We disagree.

Under Estes, our Supreme Court held that Estes's counsel was ineffective for failing to inform Estes that the impact of the deadly weapon enhancement elevated his offenses to third strikes. Estes, 188 Wn.2d at 465-66. Estes declined to negotiate a plea from the outset and thus was prejudiced because negotiations may have avoided the third strike. Estes, 188 Wn.2d at 465-66. The Supreme Court indicated that it did not matter whether Estes knew "about the impact of the deadly weapon enhancements (without being advised as much by his attorney)." Estes, 188 Wn.2d at 467, n.3. Rather, the Court focused on defense counsel's failure to research the effects of the deadly weapon enhancement on Estes's potential sentencing exposure and communicate accurate information to Estes when discussing whether to proceed to trial. Estes, 188 Wn.2d at 467. Here, Kenimond failed to read the sentencing guidelines accurately and did not communicate the correct standard sentencing range to

Langworthy. There is a reasonable probability that had Langworthy known of the lengthy sentence he faced going to trial, he would have accepted the State's second plea offer.

We also disagree with the State's argument that during negotiations Langworthy expressed interest only in a plea offer to mere possession and therefore cannot establish prejudice because the State never offered a plea to mere possession. This argument assumes that Langworthy's negotiation strategy would have been the same had he correctly understood the standard sentencing range for possession with intent to deliver while carrying a deadly weapon. As Kenimond's declaration makes clear, she did not advise him correctly of his sentencing exposure. Therefore, Langworthy's preference to plea to mere possession rather than possession with intent to deliver is irrelevant for our inquiry of whether Kenimond's inaccurate advice resulted in prejudice.

We reverse and remand for resentencing consistent with Lafler, 566 U.S. at 170-172.

_Mann, ACJ._

WE CONCUR:

_____          _____
                                  Leach, J.

-7-