135 Nev., Advance Opinion 65

IN THE SUPREME COURT OF THE STATE OF NEVADA

IVONNE CABRERA, A/K/A YVONNE
CABRERA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74341

FILED

DEC 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



Appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit murder, burglary while in possession of a deadly weapon, and two counts each of first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Affirmed in part, reversed in part, and remanded.*

Law Office of Patricia M. Erickson and Patricia M. Erickson, Las Vegas, for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Marc P. DiGiacomo and Alexander G. Chen, Chief Deputy District Attorneys, Clark County, for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Nevada law recognizes that a person should not be punished for a criminal act that was committed under duress. But there are limits to the

defense. As codified in NRS 194.010(8), duress cannot be asserted as a defense to a crime that "is punishable with death." We are asked to consider, for the first time, whether that limiting language can be interpreted to include crimes that are not punishable with death but require proof of intent to commit a crime that is punishable by death. Considering the statute's plain language, we conclude that it cannot be interpreted to limit the duress defense with respect to crimes that are not punishable with death regardless of the relationship between those crimes and another crime that is punishable with death. Accordingly, the district court did not err in precluding appellant Ivonne Cabrera from asserting duress as a defense to the crime of first-degree murder because that offense is punishable with death, but the court did err in precluding Cabrera from asserting duress as a defense to the other charged crimes, which were not punishable with death. Because we are not convinced the error was harmless, we reverse the judgment as to the convictions of attempted murder with the use of a deadly weapon, conspiracy to commit murder, and burglary while in possession of a deadly weapon and remand for further proceedings as to those charges. We otherwise affirm the judgment of conviction.

## FACTS

A dispute between appellant Ivonne Cabrera and a group of her friends involving the return of a borrowed car ended with a shooting that left two people dead and two others injured. The deadly series of events started when Cabrera loaned her car to Eric Morales and the car was wrecked while Morales was driving it. Morales lent his car to Cabrera until her car could be fixed. Shortly thereafter, Morales began texting Cabrera asking for his car back. Not wanting to return the car, Cabrera hid it at a friend's house. Later that evening, Cabrera used Morales's car to pick up

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Jose Gonzales. Cabrera drove to the apartment where Morales lived with Melissa Marin, James Headrick, and Ashley Wantland. Armed with a gun, Gonzales entered the apartment through a bathroom window and opened the front door for Cabrera. Cabrera tricked Headrick into opening his bedroom door, where he and Wantland had been asleep. Gonzales entered the room and shot both Headrick and Wantland. Meanwhile, Cabrera knocked on Marin's bedroom door. When Morales opened the door, Gonzales entered and shot Morales and Marin while, according to Marin's trial testimony, Cabrera stood in the doorway. Morales and Headrick died.

Cabrera and Gonzales were charged with two counts each of murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon, conspiracy to commit murder, and burglary while in possession of a deadly weapon. The State sought the death penalty for the murder charges. Gonzales eventually pleaded guilty, but Cabrera proceeded to trial. Through pretrial motion practice, the State learned that Cabrera intended to assert a duress defense—that Gonzales forced her to drive him to the apartment and help him gain access to the bedrooms once they were in the apartment. The State filed two motions in limine: one to preclude Cabrera's use of a duress defense to the murder charges and another to preclude her use of a duress defense to the other charges. Cabrera opposed the motions. The district court granted the State's motions in part, holding that NRS 194.010(8) precluded the duress defense to first-degree murder and to any of the charges that involved an underlying intent to commit murder. Then, on the eve of trial, the State amended the information to include two additional theories of burglary, to wit, burglary with intent to commit assault and/or battery. The district court indicated it would give the duress instruction on those two theories but also inform

the jury that duress was not a defense to any of the other charges. In light of this ruling, Cabrera informed the court she would not argue duress as to any of the charges. Nonetheless, consistent with its pretrial ruling, the district court instructed the jury that duress was not a defense to the charges of murder, attempted murder, conspiracy to commit murder, and burglary based on the intent to commit murder but that it could be a defense to burglary based on the intent to commit assault and/or battery. During closing arguments, while Cabrera did not argue duress, the State highlighted it, indicating to the jury it was available as a defense to burglary, but Cabrera still chose not to use it.

The jury found Cabrera guilty of all charges but declined to impose a death sentence for either murder, instead selecting sentences of life in prison without the possibility of parole. The district court subsequently sentenced Cabrera to various terms of years for the other convictions. Cabrera now appeals from the judgment of conviction.

## DISCUSSION

Cabrera argues that she should have been allowed to argue duress as a defense to all of the charges. We agree except as to the first-degree murder charges.

The duress defense is an ancient common law affirmative defense "which provides the defendant a legal excuse for the commission of the criminal act." *United States v. LaFleur*, 971 F.2d 200, 204 (9th Cir. 1991). Under the common law rule, duress is not a defense to murder. *Id.* at 205; *see also* 40 Am. Jur. 2d *Homicide* § 107 (2019) ("It is generally held that neither duress, coercion, nor compulsion are defenses to murder . . . ." (citations omitted)). A majority of states follow the common law rule. *See LaFleur*, 971 F.2d at 205; *see also* Steven J. Mulroy, *The Duress Defense's Uncharted Terrain: Applying It to Murder, Felony Murder, and the Mentally*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Retarded Defendant*, 43 San Diego L. Rev. 159, 172 (2006) ("The general common-law rule is that duress cannot be a defense to murder. Most states follow this common-law rule, either by statute, or through case precedent." (citations omitted)).

Nevada codified the duress defense at NRS 194.010(8). Accordingly, whether Cabrera should have been allowed to assert duress as a defense to all of the charges presents a question of statutory interpretation. Our review therefore is de novo. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). We begin with the statute's text. *See Douglas v. State*, 130 Nev. 285, 286, 327 P.3d 492, 493 (2014). "The starting point for determining legislative intent is the statute's plain meaning; when a statute is clear on its face, a court can not go beyond the statute in determining legislative intent." *Lucero*, 127 Nev. at 95, 249 P.3d at 1228 (internal quotations omitted).

NRS 194.010(8) states the following:

All persons are liable to punishment except those belonging to the following classes:

. . . .

8. Persons, unless the crime is punishable with death, who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to believe, and did believe, their lives would be endangered if they refused, or that they would suffer great bodily harm.

The statute plainly states that duress is not a defense when "the crime is punishable with death."

Cabrera was charged with a crime that is punishable with death—two counts of first-degree murder. NRS 200.030(4)(a). She nonetheless argues that the duress defense should be available to her on

SUPREME COURT
OF
NEVADA

(O) 1947A

the murder charges because she was merely an aider and abettor and did not actually pull the trigger. That distinction, however, makes no difference under NRS 194.010(8). One who aids and abets another person in committing a murder is liable for the murder as a principal. NRS 195.020; *Randolph v. State*, 117 Nev. 970, 978, 36 P.3d 424, 429-30 (2001) ("[P]ursuant to NRS 195.020, anyone who aids and abets in the commission of a crime is liable as a principal."). Thus, because first-degree murder is punishable with death and an aider and abettor is liable to the same extent as the principal, an aider and abettor to first-degree murder can be punished with death, thereby activating NRS 194.010(8)'s limitation on the duress defense. Accordingly, the district court did not err in precluding Cabrera from asserting a duress defense to the first-degree murder charges.[1]

The district court, however, also precluded Cabrera from asserting a duress defense to the other charges she faced that were not punishable with death: conspiracy to commit murder, two counts of attempted murder with the use of a deadly weapon, and burglary while in possession of a deadly weapon. The State urges this court to hold that duress is not a defense to those crimes because each required proof that

---

[1]To the extent Cabrera suggests that she has a constitutional right to present a duress defense or that the limit on the duress defense set forth in NRS 194.010(8) is unconstitutional, we decline to reach those arguments because she has not cited relevant authority in support of her contention. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). In particular, the cases she cites do not establish a constitutional right to present a duress defense that is precluded by state law. Nor does it appear that the district court excluded any evidence based on its interpretation of NRS 194.010(8).

SUPREME COURT
OF
NEVADA

(O) 1947A

Cabrera intended to commit a murder. The State relies heavily on *State v. Mannering*, 75 P.3d 961 (Wash. 2003), in support of this proposition. In *Mannering*, the Supreme Court of Washington addressed its duress statute, which stated that the duress defense was unavailable for murder or manslaughter. *Id.* at 963-64. The *Mannering* court held that although the duress statute said the defense is only unavailable for murder or manslaughter, not applying the exclusion to attempted murder would result in an "absurd and strained interpretation[ ]" of the statute. *Id.* at 964. The court reasoned that attempted murder was not specifically listed in the criminal statutes, but rather the crime of attempted murder was derived from combining the murder and attempt statutes. *Id.*

NRS 194.010(8) is different from the Washington duress statute. Nevada's duress statute does not limit the defense by reference to certain crimes, like murder and manslaughter, but rather limits the defense by reference to the potential punishment (death). So, unlike in Washington, the fact that attempted murder is a combination of both the murder statute (NRS 200.030) and the attempt statute (NRS 193.330) is irrelevant to whether the duress defense is precluded under NRS 194.010(8). Instead, NRS 194.010(8) requires courts to look to whether the charge to which the defendant wants to assert a duress defense is punishable with death. If the crime is not punishable with death, the defendant can assert a duress defense. And because this court cannot go beyond the plain meaning of a statute when it is clear on its face, we cannot adopt the reasoning outlined in *Mannering* because it does not comport with NRS 194.010(8)'s plain

language.[2] We hold that because duress may be raised as an affirmative defense to any crime not punishable with death, the district court erred in precluding Cabrera from asserting duress as a defense to the charges other than burglary with the intent to commit assault and/or battery, for which she could not be punished with death, and then instructing the jury that duress is not a defense to those crimes.

The district court's instructional error is subject to harmless-error review. *See Wegner v. State*, 116 Nev. 1149, 1155-56, 14 P.3d 25, 30 (2000) (applying harmless-error review to erroneous instruction on the elements of an offense), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006); *see also* NRS 178.598 (providing in general that trial errors are subject to harmless-error review); *accord State v. Reece*, 349 P.3d 712, 726 (Utah 2015) (observing that harmless-error review applies to "the complete failure to instruct the jury on an affirmative defense"). We decline to decide whether the standard for constitutional or nonconstitutional error applies here, *see Tavares v. State*, 117 Nev. 725, 732 & nn.14, 17, 30 P.3d 1128, 1132 & nn.14, 17 (2001) (discussing the different harmless-error standards), *modified in part on other grounds by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008), because even under the less strict

---

[2]For the same reason, similar rationales articulated by other courts under their state statutes or the common law are not persuasive. *See Kee v. State*, 438 N.E.2d 993, 994 (Ind. 1982) (holding that attempted murder is a combination of the attempt and murder statutes, and therefore the duress defense is unavailable); *People v. Henderson*, 854 N.W.2d 234, 239 (Mich. Ct. App. 2014) ("Given that a defendant may not justify homicide with a claim of duress, it logically follows that a defendant cannot justify conduct intended to kill simply because he or she failed in the effort."); *State v. Finnell*, 688 P.2d 769, 774 (N.M. 1984) (adopting the common law duress rule for both murder and attempted murder charges).

standard for nonconstitutional error, the instructional error here is not harmless.

Cabrera presented ample evidence to support a duress defense. Cabrera recounted her perspective of the events that took place on the night in question. She stated that Gonzales had just been released from prison. He jumped in her car abruptly without permission. She was scared. He pointed a gun at her, and she felt like she "had no choice." Based on this evidence, a properly instructed jury could have reasonably concluded that Cabrera acted under duress, and therefore, could not be held liable for the charges other than first-degree murder. Moreover, this error was compounded when the district court gave the instruction that duress could be a defense to burglary with the intent to commit assault and/or battery, but not the other charges. In its closing argument, the State highlighted the fact Cabrera did not use duress as a defense, thereby turning what would have been a shield for Cabrera, into a sword against her. We therefore conclude that the instructional error had a "substantial and injurious effect or influence in determining the jury's verdict," such that it was not harmless with respect to the charges other than first-degree murder.[3] *Id.* at 732, 30 P.3d at 1132 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)) (stating harmless-error standard for nonconstitutional errors).

We have considered Cabrera's remaining arguments and conclude that they are without merit or moot. Specifically, we conclude that

---

[3]It is unclear whether the instructional error here would be harmless with respect to the first-degree murder convictions had the State obtained those convictions based solely on a felony-murder theory. We are not faced with that situation because the jury unanimously found that the murders were willful, deliberate, and premeditated.

Cabrera has not demonstrated that the district court violated her constitutional right to a speedy trial where Cabrera was responsible for part of the delay and did not demonstrate that the delay prejudiced her defense. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (identifying four factors that courts must weigh to determine if the right to a speedy trial has been violated); *see also Reed v. Farley*, 512 U.S. 339, 353 (1994) ("A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause, and that necessary ingredient is entirely missing here."). Further, to the extent that the district court admitted but did not redact parts of the custodial interrogation, the court did not abuse its discretion because such statements were not hearsay, as they were not offered to prove the truth of the matter asserted. *See Deutscher v. State*, 95 Nev. 669, 683-84, 601 P.2d 407, 416-17 (1979) ("Hearsay evidence is evidence of a statement made other than by a witness while testifying at the hearing, which *is offered to prove the truth of the matter asserted.*" (emphasis added)). Finally, Cabrera's argument regarding two of the aggravating circumstances is moot because she was not sentenced to death.

## CONCLUSION

Because first-degree murder is punishable by death and duress is not a defense to any crime punishable by death, the district court did not err in precluding Cabrera from using duress as a defense to the murder charges. Thus, we affirm the judgment of conviction as to these charges. Conversely, because duress is a valid defense to any crime not punishable by death, we conclude the district court erred when it precluded Cabrera from using it as a defense to the attempted murder, conspiracy to commit murder, and burglary with the intent to commit murder charges. Furthermore, because we conclude this error was not harmless, we reverse

the judgment of conviction as to these charges and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A